**Elda Pashaj MANDI; Hektor Mandi, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72348.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2005.*

Decided Oct. 4, 2005.

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Elise M. Faber, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Elda Pashaj Mandi (Pashaj), a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' (BIA) decision summarily affirming the immigration judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Against Torture (CAT). We deny the petition for review.

Pashaj contends that her due process rights were violated by the BIA's decision to summarily affirm the IJ without opinion. We have previously held that a petitioner's due process rights are not violated when the BIA summarily affirms a decision of the IJ without issuing its own opinion, so long as this court's ability to review the agency's actions is not compromised. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003); *see also Papageorgiou v. Gonzales,* 413 F.3d 356, 358–59 (3d Cir.2005) (REAL ID Act does not have any impact upon the substance of a petitioner's constitutional challenge to the BIA's summary affirmance procedure). Accordingly, we find that the BIA's summary affirmance of the IJ's decision did not violate Pashaj's due process rights.

Pashaj further argues that the IJ should have permitted her to proceed with her asylum application even though she filed it beyond the one-year deadline because she filed in response to changed country conditions. It is well established that we lack jurisdiction to review the IJ's determination that Pashaj's asylum application was untimely and that she did not qualify for late filing under any of the exceptions. 8 U.S.C. § 1158(a)(3); *Lanza v. Ashcroft,* 389 F.3d 917, 924 (9th Cir.2004); *Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 786 (9th Cir.2004); *Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001). Therefore, we decline to review the IJ's denial of Pashaj's eligibility for asylum.

■ Pashaj is not entitled to withholding of removal. We review the IJ's decision to deny withholding of removal under a substantial evidence standard. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). To qualify for withholding of removal, Pashaj must establish that it is more likely than not that she will be persecuted if returned to Albania. 8 C.F.R. § 208.16(b)(2). This is a very difficult standard to meet, and this court has typically granted withholding of removal only when the evidence shows a "clear probability" of persecution. *Guo v. Ashcroft,* 361 F.3d 1194, 1202–03 (9th Cir.2004) (citing *Navas v. INS,* 217 F.3d 646, 655 (9th Cir.2000)). Here, the unfavorable circumstances Pashaj might face in Albania are not sufficiently extreme to compel the conclusion that she would more likely than not be persecuted if she returned. Consequently, she is not entitled to withholding of removal.

■ We decline to consider Pashaj's claim for relief under the CAT because she failed to exhaust this claim before the BIA. A final order of removal may be reviewed only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Here, because Pashaj did not appeal to the BIA the IJ's decision to deny her request for relief under the CAT, she failed to administratively exhaust that claim. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir. 2004). Thus, we lack jurisdiction to consider Pashaj's claim for CAT relief.

**PETITION FOR REVIEW DENIED.**