

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2005

# Papageorgiou v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 04-3135

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Papageorgiou v. Atty Gen USA" (2005). *2005 Decisions*. Paper 910.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/910

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3135

———

PERIKLIS PAPAGEORGIOU,
Petitioner

v.

* ALBERTO R. GONZALES, Attorney General of the
United States; BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondents

* Substituted pursuant to Rule 43c, F.R.A.P.

———

On Appeal from the United States Department of Justice
Board of Immigration Appeals
(BIA No. A35-090-961)

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
on June 9, 2005

———

Before: AMBRO, VAN ANTWERPEN, and TASHIMA,*
Circuit Judges.

* The Honorable A. Wallace Tashima, Senior United States
Circuit Judge for the United States Court of Appeals for the
Ninth Circuit, sitting by designation.

(Filed: June 24, 2005)

John D. Perez, Esq.
41-51 Wilson Avenue, 2nd Floor
Newark, New Jersey 07105
    *Counselor for Petitioner*

Peter D. Keisler
Assistant Attorney General, Civil Division
Linda S. Wernery
Senior Litigation Counsel, Civil Division
William C. Peachey, Attorney
Janice K. Redfern, Attorney
Office of Immigration Litigation
United States Department of Justice
Civil Division
P.O. Box. 878, Ben Franklin Station
Washington, D.C. 20044
    *Counselor for Respondent*

_____

## OPINION OF THE COURT

_____

VAN ANTWERPEN, <u>Circuit Judge</u>.

Periklis Papageorgiou seeks review of a final order of the Board of Immigration Appeals ("BIA") summarily affirming an order of removal by an Immigration Judge ("IJ"). For the reasons that follow, we will deny the petition.

2

I.

Papageorgiou is a native and citizen of Greece who entered the United States in 1978, later becoming a permanent resident. On September 25, 1998, he was convicted in the United States District Court for the District of Maryland, pursuant to a plea agreement, of the offense of Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 46 months in prison. Based on that conviction, the former Immigration and Naturalization Service ("INS")[1] charged him with removability pursuant to §§ 237(a)(2)(A)(iii) and (B)(I) of the INA, 8 U.S.C. § 1227 (a)(2)(A)(iii) and (B)(I), as an alien convicted of an aggravated felony, a controlled substance offense, and trafficking in a controlled substance. Papageorgiou subsequently sought relief under Article III of the United Nations Convention Against Torture ("CAT"), alleging the government of Greece would not be able to protect him from his former business partner if Petitioner was removed to Greece.[2] An IJ found against Petitioner on all issues on October 10, 2003. Petitioner appealed to the BIA, which affirmed the IJ

---

[1] On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice and the INS's functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107-296 §§ 441, 451 & 471, 116 Stat. 2135.

[2] CAT refers to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231).

3

without issuing a separate opinion on June 29, 2004, pursuant to 8 C.F.R. § 1003.1(e)(4). This petition for review followed.

## II.

Where the BIA summarily affirms an IJ's decision without issuing a separate opinion, we normally review the IJ's decision itself. *See Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). Here, however, the government argues that we lack jurisdiction to do so. In support of its position, the government contends that INA § 242(a)(2)(C), 8 U.S.C. § 1252 (a)(2)(C) divests courts of appeals of jurisdiction to review the removal orders of aliens who are removable on the basis of having committed certain crimes, including drug-trafficking crimes.

As we have previously observed, this Court has always retained "jurisdiction to determine our jurisdiction" under § 242(a)(2)(C) with respect to both of the predicate facts required for application of § 242(a)(2)(C) – first, whether a petitioner is in fact an alien, and, second, whether he or she is indeed removable by reason of having been convicted of one of the enumerated offenses in INA § 242(a)(2)(C). *Patel v. Ashcroft*, 294 F.3d 465, 468 (3d Cir. 2002) (citing *Drakes v. Zimski*, 240 F.3d 246, 247 (3d Cir. 2002)).

Until May 11 of this year, if both of these conditions were satisfied, then further adjudication of a petition for review was prohibited under INA § 242(a)(2)(C), and we would dismiss the petition for lack of jurisdiction. *Id*. at 248. That would have been the case here, as it is undisputed that Papageorgiou is a permanent resident alien and that he does not contest his drug

4

trafficking conviction under 21 U.S.C. § 841(a)(1) for distributing cocaine.

This jurisdictional framework for aliens convicted of certain enumerated offenses was restructured by Congress and the President on May 11, 2005, however, when the President signed into law the REAL ID Act of 2005, Pub.L. No. 109- 13, 119 Stat. 231 (the "Act"). Relevant to this appeal is Section 106(a)(1)(A)(iii) of the Act, which amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(2)(D), as follows:

> Judicial Review of Certain Legal Claims.-
>
> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

With this amendment, Congress evidenced its intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders. This now permits all aliens, including criminal aliens, to obtain review of constitutional claims and questions of law upon the filing of a petition for review with an appropriate court of appeals. We reach this conclusion because Congress has provided that nothing in 8 U.S.C. § 1252(a)(2)(B), (C), or any other provision of the INA shall preclude judicial review of such orders, unless such review is barred by some other provision of 8 U.S.C. § 1252. For this reason, we believe that, with passage

5

of the Act, Congress has repealed all jurisdictional bars to our direct review of constitutional claims and questions of law in final removal orders other than those remaining in 8 U.S.C. § 1252 (*e.g.,* in provisions other than (a)(2)(B) or (C)) following the amendment of that section by the Act.

We observe that the Ninth Circuit, the only other court of appeals to have considered this question thus far, has reached the same conclusion. *See Fernandez-Ruiz v. Gonzales,* __ F.3d __, 2005 WL 1301593 (9th Cir. May 31, 2005), at *1 (concluding that alien petitioner's convictions did not divest court of jurisdiction pursuant to § 1252(a)(2)(B) because REAL ID Act restores judicial review of constitutional claims and questions of law presented in petitions for review pursuant to new provision § 1252(a)(2)(D)).

We must next determine the effective date of the Act to see if it applies to Papageorgiou's petition. Our review of the Act confirms that Congress expressly intended that the amendments restoring our jurisdiction be applied retroactively to pending petitions for review. The Act states that § 1252(a)(2)(D) "shall take effect upon the date of the enactment" and that it shall apply to any case "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment." § 106(b). Given this statutory language, we conclude that § 1252(a)(2)(D), as added by the Act on May 11, 2005, applies to Papageorgiou's petition for review, as well as to all other pending or future petitions for direct review challenging final orders of removal, except as may otherwise be provided in § 1252. The Ninth Circuit's conclusion concurs with ours. *See Fernandez-Ruiz,* __ F.3d __ at *1 ("§ 1252(a)(2)(D), as added by the REAL ID Act, applies to . . . all other pending or future petitions for direct

6

review challenging final orders of removal, except as may be otherwise provided in § 1252 itself").

## III.

Because we are no longer jurisdictionally barred from reviewing Papageorgiou's petition for review on account of his past conviction, we now turn to review his petition on the merits. Papageorgiou's asserted constitutional claim is that the BIA's summary affirmance of the IJ's decision deprived him of due process because it was rendered without a separate BIA opinion. We have previously held that due process challenges to such summary BIA affirmances are without merit. *See Dia v. Ashcroft*, 353 F.3d at 238 ("We agree with our sister courts of appeals . . . that the streamlining regulations [which allow for BIA affirmances of IJ decisions without separate opinions] do not violate the Due Process Clause of the Constitution.").

## IV.

For the foregoing reasons, the petition for review is denied.