

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2005

# Richards v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1305

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Richards v. Atty Gen USA" (2005). *2005 Decisions.* Paper 513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-1305 & 05-3129
_____

CHARLES ISAAC RICHARDS,
                              Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A 29-356-677)
(05-1305 initially docketed as an appeal from MDPA No. 04-cv-02682)
(05-3129 initially docketed as a habeas petition at EDPA No. 05-cv-01592
and transferred pursuant to the Real ID Act of 2005)
_____

Submitted Under Third Circuit LAR 34.1(a)
August 12, 2005

Before:   ALITO, SMITH and COWEN, Circuit Judges

(Filed September 21, 2005)
_____

OPINION
_____

PER CURIAM

       Appellant Charles Isaac Richards, a native and citizen of Jamaica, was illegally

present in the United States when, in October 2001, he pleaded guilty in the Allegheny

County Court of Common Pleas to possession of cocaine in violation of 35 Pa. Cons. Stat.

<u>Ann.</u> § 780-113(a)(16), and possession of a small amount of marijuana in violation of 35

<u>Pa.</u> <u>Cons.</u> <u>Stat.</u> <u>Ann.</u> § 780-113(a)(31). Richards was sentenced to probation without

verdict for 13 months pursuant to 35 <u>Pa.</u> <u>Cons.</u> <u>Stat.</u> <u>Ann.</u> § 780-117.

As a result of his convictions, the Bureau of Immigration and Customs

Enforcement charged Richards with removability under Immigration & Nationality Act §

212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without being admitted

or paroled, and § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien

convicted of a controlled substance violation. An Immigration Judge found Richards

removable as charged, and ordered him removed to Canada, and should Canada fail to

accept him, to Jamaica. The IJ also denied his applications for asylum, withholding of

removal, and protection under the Convention Against Torture.

On November 23, 2004, the Board of Immigration Appeals affirmed.[1] On

December 13, 2004, Richards filed a petition for writ of habeas corpus under 28 U.S.C. §

2241 in the United States District Court for the Middle District of Pennsylvania. <u>See</u>

<u>Richards v. District Director of I.C.E.</u>, D.C. Civ. No. 04-cv-02682. In it he claimed that

he could not be removed on the basis of his sentence to probation without verdict,

because this disposition does not satisfy the definition of "conviction" under federal

immigration law, his offenses were not aggravated felonies, and he was entitled to a

waiver under INA § 212(h), 8 U.S.C. § 1182(h). The District Court dismissed the petition

---

[1] Due to a defect in service, the decision was reissued on March 25, 2005.

after fully considering Richards' arguments on the merits, and, on January 29, 2005, Richards appealed to this Court at C.A. No. 05-1305.

Meanwhile, on April 7, 2005, and while the appeal from Richards' December 2004 habeas petition was pending here, Richards filed another habeas petition under 28 U.S.C. § 2241, this time in United States District Court for the Eastern District of Pennsylvania, in which he raised the same issues. See Richards v. District Director for I.C.E., D.C. Civ. No. 05-cv-01592. The government initially submitted an answer to the petition, arguing that it was duplicative of the December 2004 petition, which had been fully considered and denied on the merits. A week later, however, the government moved to transfer the petition to this Court pursuant to the newly enacted Real ID Act of 2005, § 106(c), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). The District Court granted the motion and transferred the case, now docketed at C.A. No. 05-3129.

Initially, we address whether transfer of the April 2005 petition was appropriate, and thus whether the appeal docketed at No. 05-3129 is properly before us, and we conclude that it was, and is. The Real ID Act amended the judicial review statute of the Immigration and Nationality Act to strip district courts of jurisdiction over habeas petitions filed by criminal aliens such as Richards, seeking review of final orders of removal. 8 U.S.C. § 1252(a)(2)(C) (May 11, 2005). Jurisdiction over final orders of removal now lies exclusively in the courts of appeals pursuant to a petition for review. 8 U.S.C. § 1252(a)(1) and (5). The Act, in section 106(c), also provided for transfer of

3

habeas petitions currently pending in the district courts to the courts of appeals, and further provided that the mandatory and jurisdictional 30 day time period for filing a petition for review, 8 U.S.C. § 1252(b)(1), shall not apply to transferred cases. Insofar as Richards was found removable under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance violation, and had filed a habeas petition instead of a petition for review which was pending in the District Court when the Act went into effect, transfer under the Real ID Act was required.

Next we consider whether the Real ID Act extends to pending appeals from an order denying a habeas petition, and thus whether the appeal docketed at No. 05-1305 should be treated as a petition for review. We conclude that it should be. In Bonhometre v. Gonzales, — F.3d —, 2005 WL 1653641 (3d Cir. July 15, 2005), we held that those appeals from the denial of a habeas petition that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review. Because Richards' habeas petitions raise identical issues, we now have what is in effect a single petition for review. Bonhometre, 2005 WL 1653641, at *2 (in Real ID Act Congress sought to streamline piecemeal review of orders of removal).

The judicial review statute, after passage of the Real ID Act, still provides that courts of appeals lack jurisdiction over a petition for review filed by an alien convicted of a controlled substance violation. 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1182(a)(2)(A)(i)(II). Richards' October 2001 conviction for possession of cocaine is a

4

violation of a State law relating to a controlled substance. Pennsylvania's statute criminalizing possession of cocaine, 35 Pa. Cons. Stat. Ann. § 780-113(a)(16) (West Supp. 2005), by its own terms relates to a controlled substance.

However, the Real ID Act has clarified that we may exercise jurisdiction over constitutional claims or questions of law raised by a criminal alien in a petition for review. See Tran v. Gonzales, — F.3d —, 2005 WL 1620320 (3d Cir. July 12, 2005) (citing 8 U.S.C. § 1252(a)(2)(D)). Richards' statutory arguments that his sentence to probation without verdict does not satisfy the definition of "conviction" under federal immigration law, his offenses were not aggravated felonies, and he was entitled to a section 212(h) waiver are questions of law that we may review. See also Papageorgiou v. Gonzales, — F.3d —, 2005 WL 1490454, at *2 (3d Cir. June 24, 2005). We review Richard's claims *de novo*. Tran, 2005 WL 1620320, at *3.

We will deny the consolidated petition for review. In Acosta v. Ashcroft, 341 F.3d 218 (3d Cir. 2003), the alien pleaded no contest to a charge of possession of heroin in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a). Like Richards, he was sentenced to probation without verdict. He completed probation and the charges against him were dismissed pursuant to 35 Pa. Cons. Stat. Ann. § 780-117, just as they were against Richards. The alien argued, in reliance on Pennsylvania law, 35 Pa. Cons. Stat. Ann. § 780-117, and the Federal First Time Offenders Act ("FFOA"), 18 U.S.C. § 3607, that the dismissal constituted an exception to the INA's definition of a conviction.

5

We held that the term "conviction" as defined in 8 U.S.C. § 1101(48)(a)(A) encompasses the sentence of probation without verdict. Where no formal judgment of guilt has been entered by a court, an alien is considered to have been convicted if the disposition of the alien's criminal proceeding satisfies a two part test:

> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt; and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). The statute unambiguously points to the conclusion that the disposition of Richards' criminal case in the Court of Common Pleas constitutes a conviction. Acosta, 341 F.3d at 222.

Although Section 17 of the Pennsylvania Controlled Substance Act provides that, upon completion of probation without verdict, the court shall discharge the person and dismiss the proceedings, and the discharge and dismissal shall not constitute a conviction for any purpose under Pennsylvania law, 35 Pa. Cons. Stat. Ann. § 780-117, the Pennsylvania Legislature cannot determine how the term "conviction" is to be construed under federal law. Acosta, 341 F.3d at 223. In addition, even though we may assume that an exception to the INA's definition of "conviction" exists for an alien who receives probation without conviction under FFOA, the Board of Immigration Appeals' present interpretation that *state* law charges of simple possession of a controlled substance that have been dismissed are a conviction for purposes of section 1101(a)(48)(A) is entitled to deference. Id. at 225.

Furthermore, equal protection does not mandate the same treatment for aliens charged in state court, because there is a rational basis for distinguishing between aliens whose criminal cases are dismissed under the federal FFOA and those whose charges are handled under similar state schemes. "Congress could have worried that state criminal justice systems, under the pressure created by heavy case loads, might permit dangerous offenders to plead down to simple possession charges and take advantage of those state schemes to escape what is considered a conviction under state law." Id. at 227.

Richards cites to cases from other circuits which he feels support his argument, but Acosta is the law in this circuit. In addition, Richards was not found removable on the basis of an aggravated felony, and, thus, we need not address whether his controlled substance violation is a drug trafficking offense, see generally Steele v. Blackman, 236 F.3d 130, 135 (3d Cir. 2001) (concept of trading or dealing excludes simple possession or transfer without consideration). Finally, Richards is not eligible for a section 212(h) waiver, because he pleaded guilty to possession of cocaine and the waiver he seeks applies to "a single offense of simple possession of 30 grams or less of marijuana," 8 U.S.C. § 1182(h). Even if Richards could show that extreme hardship would result from his removal, he is still ineligible for a section 212(h) waiver.[2]

We will deny the consolidated petition for review.

_____

[2] In his informal brief, Richards appears to argue that he is entitled to adjust his status because of his marriage to a United States citizen. However, on March 24, 2005, the District Director of the U.S. Citizenship and Immigration Services concluded that his wife's I-130 Petition for Alien Relative had been deemed abandoned.