

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Ford v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ford v. BICE" (2005). *2005 Decisions.* Paper 419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3652
_____

DEVON ORVILLE FORD,

Appellant

v.

BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,
Interim Field Office Director for Detention
and Removal for the Philadelphia District

_____

INITIALLY DOCKETED AS AN APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
District Court Judge: Honorable Sylvia H. Rambo
(D.C. Nos. 03-cv-01571 & 04-cv-01339)
(BIA No. A78-492-556)

_____

Argued: May 26, 2005


Before: SCIRICA, Chief Judge, ALITO and GARTH, Circuit Judges

(Opinion Filed October 13, 2005)



IAN BRATLIE (ARGUED)
Pennsylvania Immigration Resource Center
50 Mount Zion Road
York, Pa. 17402
                    Counsel for Petitioner

LEE GELERNT (ARGUED)
American Civil Liberties Union
Immigrants' Rights Project
125 Broad Street
17th Floor
New York, N.Y.  10004-2400
                    Counsel for Amicus Curiae

THOMAS A. MARINO
DARYL F. BLOOM (ARGUED)
Office of the United States Attorney
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Federal Building and Courthouse
Harrisburg, Pa.  17108
                    Counsel for Respondent

---

OPINION OF THE COURT

---

PER CURIAM:

Devon Ford appeals a District Court order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Ford claims that the Board of Immigration Appeals ("BIA") deprived him of due process of law by using an unconstitutional standard to determine whether his conviction for possession with intent to deliver cocaine was a "particularly serious crime."  He also asserts that the final order of removal entered against him was unlawful under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984) ("Torture Convention").  We deny Ford's petition.  Because we write for the

benefit of the parties, the background and lengthy procedural history of this matter are not set out.

I.

The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, changed the immigration laws in several ways relevant to our jurisdiction over Ford's case. First, the Act returned to the courts of appeals direct review jurisdiction over constitutional and statutory questions in immigration cases. See Papageorgiou v. Gonzales, 413 F.3d 356, 357-58 (3d Cir. 2005). Because questions of constitutional and statutory law include the BIA's application of law to undisputed facts, see Ogbudimkpa v. Ashcroft, 342 F.3d 207, 222 (3d Cir. 2003), our jurisdiction now includes direct review of the BIA's application of law to facts. Second, the REAL ID Act made a petition for review the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1). See 8 U.S.C. § 1252(a)(5) (1999 & Supp. 2005). Third, the Act provided that all habeas petitions brought by aliens challenging removal (and all Torture Convention claims in such petitions) that were pending before the district courts be converted to petitions for review and transferred to the appropriate courts of appeals. See REAL ID Act, Pub. L. 109-13, Div. B, Title I, § 106(c). We held recently that the conversion requirement applies to habeas appeals pending before this Court. Bonhometre v. Gonzales, - - - F.3d - - -, No. 04-2037, 2005 WL 1653641, at *2 (3d Cir. July 15, 2005). Thus, in accord with the REAL ID Act, we will treat this proceeding as a petition for review.

II.

Ford claims that the BIA deprived him of due process of law by using the Attorney General's decision in In re Y-L, A-G, R-S-R, 23 I. & N. Dec. 270 (A.G. 2002), to determine whether his conviction was a "particularly serious crime." Specifically, he contends that In re Y-L ran afoul of Third Circuit precedent and exceeded the Attorney General's authority by allegedly establishing a per se rule under which all aliens who have committed drug trafficking crimes are denied withholding of removal. We hold, however, that there was no violation of our precedents under the particular facts of this case.

In Chong v. Dist. Dir., INS, 264 F.3d 378 (3d Cir. 2001), we held that due process forbids the BIA from "blindly following a categorical rule" that "all drug convictions qualify as 'particularly serious crimes.'" 264 F.3d at 387 (citation omitted). Rather, we concluded, when deciding whether an alien has committed a "particularly serious crime," the BIA must make an "individualized determination" by looking at the specific facts of each alien's case. Id.

In re Y-L does not adopt a per se or "categorical" rule, but a rebuttable presumption. In fact, In re Y-L concluded its discussion of "particularly serious crime[s] with an unambiguous disavowal of the position that Ford ascribes to it. The Attorney General expressly declined to establish a rule that all drug trafficking crimes are always particularly serious crimes:

> Based on the preceding discussion, I might be well within my discretion to conclude that all drug trafficking offenses are per se "particularly serious crimes" under the INA. I do not consider it necessary, however, to exclude entirely the possibility of the very rare case where an alien may be able to demonstrate extraordinary and compelling circumstances that justify treating a particular drug

trafficking crime as falling short of that standard.

In re Y-L at 276 (footnote omitted). As the In re Y-L standard is a rebuttable presumption, not a per se rule, it allows immigration judges and the BIA to comply with Chong's requirement of an individualized determination in each case. The holding in In re Y-L was also within the Attorney General's authority under 8 U.S.C. § 1231(b)(3)(B). See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). While the invocation of In re Y-L is not necessarily enough to comply with Chong, we are satisfied that there was a sufficiently individualized determination in this case.

## III.

The District Court concluded that in order to sustain the BIA's rejection of Ford's Torture Convention claim, there had to be "at least some evidence" in the record supporting the BIA's application of law to facts. Id. Using this standard, the District Court found that evidence existed to support the BIA's decision. As noted above, Ford's appeal has been converted to a petition for review, but even under the "substantial evidence" standard applicable in review proceedings, the BIA's determination must be sustained.

Ford's claim that it is more likely than not that he would be tortured in Jamaica mostly draws support from two sources: his assumed notoriety in that country more than 13 years after his departure, and his interpretation of certain Amnesty International Reports. However, Ford's continuing notoriety after all this time is not obvious and indisputable and neither is his interpretation of the Amnesty International Reports. Thus

-5-

the BIA is correct that the reports submitted by Ford are of limited value in showing what is likely to happen to him if he is removed. Given our deferential standard of review, we must uphold the BIA's application of the law to the facts found by the IJ.

We have considered all of Ford's arguments and find no ground for disturbing the BIA's decision. Ford has advanced a sympathetic case, but it is not our role to usurp the authority of the BIA.

## IV.

For the reasons set forth above, we deny Ford's petition for review.