

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Gonzales v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gonzales v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1767.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1767

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3333
_____

CESAR ROLANDO GONZALES,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A72 669 745)

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 6, 2006

Before:   SLOVITER, SMITH AND VAN ANTWERPEN,  Circuit Judges

(Filed January 10, 2006  )

_____

OPINION
_____

PER CURIAM

Cesar Gonzales, a native and citizen of Guatemala, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We will deny the petition.

## I.

Gonzales entered the United States in 1989, and in 2002 was convicted of fraudulent use of entry documents under 18 U.S.C. § 1546(a). Gonzales was subsequently found removable for having been convicted of an aggravated felony. The Immigration Judge ("IJ") denied Gonzales' application for statutory withholding of removal and relief under the Convention Against Torture, finding that Gonzales was not credible and alternatively that he had not established a basis for relief. In June 2005, the BIA adopted and affirmed the IJ's decision. Gonzales filed a timely petition for review.

## II.

As Gonzales was convicted of an aggravated felony, see 8 U.S.C. § 1101(a)(43)(P), our jurisdiction over the order of removal is limited to the review of constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); 8 U.S.C. § 1227(a)(2)(A)(iii); see also Papageorgiou v. Gonzales, 413 F.3d 356, 368 (3d Cir. 2005).[1] We review constitutional and legal claims de novo. Chong v. District Dir., Immigration & Naturalization Serv., 264 F.3d 378, 386 (3d Cir. 2001); Wang v. Ashcroft, 368 F.3d

---

[1] We reject the government's argument that we lack jurisdiction because Gonzales fails to raise a "colorable" claim. Brief of Respondent at 9. As discussed infra, Gonzales alleges both constitutional and legal error in the removal proceedings.

347, 349 (3d Cir. 2004).

Gonzales claims that he was denied due process by the IJ's "arbitrary refusal . . . to set the number of witnesses to maybe two – particularly when [the IJ] refused to give pre-hearing ruling on the question of which party had burden of proof." Petitioner's Brief at 20. In light of the IJ's finding that even if credible Gonzales had not established a basis for relief, see A.R.140-41, this claim fails because Gonzales has not demonstrated any specific prejudice. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005).

Gonzales' claim that he is eligible for relief from removal pursuant to the humanitarian admission provisions of INA § 207 is without merit. Section 207 applies to refugees seeking admission from foreign countries, not persons such as Gonzales that are already present in the United States. See 8 U.S.C. § 1157; Immigration & Naturalization Serv. v. Cardoza-Fonseca, 480 U.S. 421, 433 (1987).

Although Gonzales alleges 'legal error' in the IJ's adverse credibility determination and denial of relief under the Convention Against Torture, Petitioner's Brief at 21, he is in effect only challenging the IJ's factual findings. See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). As discussed supra, our review is limited to questions of law and constitutional claims.

### III.

Gonzales also claims that his continued detention violates his right to due process. Petitioner's Brief at 22. Challenges to post-removal order detention should be raised in a

3

habeas petition filed in the appropriate District Court.  See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001);  8 U.S.C. § 1252(a) (only eliminating district court's habeas jurisdiction over orders of removal).  Moreover, even if we had jurisdiction over this claim, it does not appear that Gonzales has administratively exhausted the claim, see Duvall v. Elwood, 336 F.3d 228, 231-32 (3d Cir. 2003), and he has not provided any evidence that his removal will not occur in the "reasonably foreseeable future," Zadvydas, 533 U.S. at 701 (interpreting 8 U.S. C § 1231(a)(6) as authorizing an alien's continued detention after the 90-day removal period for a period reasonably necessary to effectuate removal).

IV.

Accordingly, for the reasons stated above we will deny the petition for review.