

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1642.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1642

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1897
_____

KONG XIN WANG,
Petitioner

v.

ATTORNEY GENERAL USA,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A71 502 111
on May 5, 2004
Immigration Judge: Walter A. Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2007

Before:   SLOVITER, MCKEE AND AMBRO, <u>Circuit Judges</u>.

(Filed:  February 8, 2007)

_____

OPINION
_____

PER CURIAM

    Kong Xin Wang, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals (BIA), dismissing his appeal from an Immigration

Judge's (IJ's) order of removal. We will deny the petition.

Wang was paroled into the United States in 1992. He then applied for asylum, based on his alleged persecution under China's family planning policy, but his application remained unadjudicated, and in August 2003 he was placed in removal proceedings based on his conviction for criminal sale of a controlled substance (heroin), in violation of New York Penal Law § 220.29.[1] The IJ found that his crime was particularly serious, and that he was therefore statutorily ineligible for asylum or withholding of removal. A.R. 32. The IJ recognized that he remained potentially eligible, however, for deferral of removal under the United Nations Convention Against Torture (CAT). Wang argued that if he were to be returned to China, he would be detained, and that he would be tortured or possibly killed when Chinese officials learned that he had been a drug dealer. A.R. 33. Wang also noted that the sentencing judge in his criminal case had issued a judicial recommendation against deportation (JRAD). A.R. 33, 61, 218-19. The IJ found that Wang would probably be detained for some period of time when he returned to China, but that any possibility that he would be subjected to torture was purely speculative. A.R. 35. The IJ thus denied relief pursuant to the CAT.

On appeal, the BIA agreed that Wang's conviction constituted a particularly serious crime, and that he was therefore potentially eligible only for deferral of removal.

---

[1] Wang had been convicted in 1999 on five criminal counts and was placed in removal hearings, but the convictions were vacated in 2002 for a new trial, so the proceedings were terminated. A.R. 40.

The BIA noted that even if Wang were to be detained temporarily upon his return to China, temporary incarceration does not constitute torture. The BIA noted that Wang's contention that drug dealers are executed in China was not supported by any evidence. The BIA further found that the letter from Wang's sentencing judge only contained unsupported representations from Wang or his attorney. The BIA noted that there was no evidence that China incarcerates those who return from abroad after having committed a crime abroad, and therefore Wang could not show he was more likely than not to be tortured upon his return. The BIA therefore dismissed the appeal.

Wang filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The petition was transferred on motion of the Government to this Court, pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, div. B, 119 Stat. 231 (2005), and is now considered to be a petition for review of his removal order. Hernandez v. Gonzales, 437 F.3d 341, 344 (3d Cir. 2006).

Under section 242(a)(2)(C) of the Immigration and Nationality Act (INA) [8 U.S.C. § 1252(a)(2)(C)], we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed," inter alia, a controlled substance violation covered in INA § 212(a)(2). However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders. See INA § 242(a)(2)(D) [8 U. S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Because Wang has been convicted of a controlled substance violation, we may consider only constitutional issues,

pure questions of law, and issues of application of law to uncontested facts. See Kamara v. Attorney General, 420 F.3d 202, 211 (3d Cir. 2005). "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

Thus, to the extent Wang argues that the BIA erred in its factual determination that he would not be incarcerated upon his return, or that his incarceration would be only temporary and would not subject him to torture, we lack jurisdiction to review those factual findings.

Wang's brief may also be generously construed to raise a legal claim–that the BIA erred in failing to follow his sentencing judge's JRAD. As the Government notes in its brief, statutory relief by way of a JRAD was eliminated in 1990. See United States v. Hovsepian, 359 F.3d 1144, 1157 (9th Cir. 2004) (en banc) (Congress eliminated JRADs by way of its enactment of Pub. L. No. 101-649, § 505, 104 Stat. 4978 (1990)). Further, even when JRADs were an available means of relief, the relief was only available to an alien who had committed a crime involving moral turpitude. 8 U.S.C. § 1251(b) (1990). The statute specifically precluded such relief for an alien who committed a controlled substance violation. Id. Thus, the BIA did not err in failing to give preclusive effect to the JRAD.

For the foregoing reasons, Wang's petition for review will be denied.

4