

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Almeida v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Almeida v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5544

———————

JOSE ALMEIDA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34-758-944
(U.S. Immigration Judge: Honorable Eugene Pugliese)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2007
Before:  SCIRICA, *Chief Judge*, McKEE and NOONAN[*], *Circuit Judges*.

(Filed:  April 5, 2007)

———————

OPINION OF THE COURT

———————

SCIRICA, *Chief Judge*.

        Jose Almeida seeks review of the final order of removal entered by the Board of

Immigration Appeals.  We will deny the petition for review and affirm the BIA's order.

————————————

    [*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

I.

Almeida is a native and citizen of Portugal who was admitted to the United States as a lawful permanent resident in 1979. On October 9, 2003, Almeida returned from a trip abroad and the Department of Homeland Security served him with a Notice to Appear. The notice charged Almeida with being subject to removal for committing crimes involving moral turpitude under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Almeida conceded the charge, and the Immigration Judge found Almeida to be removable. Almeida then sought a discretionary waiver of removal under INA § 212(c), 8 U.S.C. § 1182(c).[1] On April 24, 2004, the IJ denied Almeida's request for a waiver after balancing the relevant factors set forth by the BIA in *Matter of Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990). Almeida appealed the denial of waiver to the BIA. On November 29, 2005, the BIA adopted and affirmed the decision of the IJ and found any factual error by the IJ was harmless and immaterial. Almeida timely appealed.

Almeida contends: (1) the IJ committed significant errors by incorrectly evaluating his criminal history with regard to his application for a waiver under INA § 212(c); (2) a

---

[1] Before being repealed in 1997, INA § 212(c) provided in pertinent part:
> Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted at the discretion of the Attorney General.

Almeida was eligible for a waiver because his convictions occurred by way of guilty plea prior to 1996. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

proper balancing of the discretionary factors indicates Almeida should have been granted a discretionary waiver under INA § 212(c); and (3) the BIA violated Almeida's due process rights by characterizing the IJ's error as harmless and immaterial. Conversely, the government contends the appeal should be dismissed for lack of jurisdiction.

II.

We must first address the scope of our jurisdiction. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), strips us of our jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense" involving moral turpitude. However, this jurisdictional bar is subject to three exceptions. We may review: (1) constitutional claims, INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), *see Papageorgiou v. Gonzales,* 413 F.3d 356, 358 (3d Cir.2005); (2) questions of law, *id.*; and (3) the "'application of law to fact, where the facts are undisputed and not the subject of challenge.'" *Kamara v. Attorney General of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (quoting *Bakhtriger v. Elwood*, 360 F.3d 414, 425 (3d Cir. 2004). Despite these three exceptions to our jurisdictional bar "discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).

The IJ ordered Almeida removed based on Almeida's criminal offenses involving moral turpitude. Accordingly, our jurisdiction only extends to constitutional claims, questions of law, and applications of facts to law, but we do not have jurisdiction over

3

discretionary determinations. Because the Attorney General has discretionary authority to grant a waiver of removal under INA § 212(c), we do not have jurisdiction to consider either of Almeida's first two claims. But, we have jurisdiction under INA § 242(a)(2)(D) to review Almeida's due process claim.

III.

Where the "BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Here, the BIA affirmed the decision of the IJ and then wrote additionally to respond to an argument raised by Almeida. Thus, we may review both the decision of the BIA and the IJ.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Abdulai v. Ashcroft*, 239 F.3d 543, 549 (3d Cir. 2001) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "In adjudicative contexts . . . [a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id*. Almeida does not challenge any of these three guarantees. Instead, Almeida contends the BIA denied him due process by failing to recognize that the IJ made an error in interpreting facts on the record. However, Almeida received the full protections of due process. The BIA based its order on the record and issued an individualized determination of Almeida's interests after allowing

4

Almeida to submit argument on his behalf.  Indeed, the BIA even wrote separately to address one argument made by Almeida.  *See Dia v. Ashcroft*, 353 F.3d 228, 240 (3d Cir. 2003) (finding due process does not require the BIA to lay out its reasoning for an affirmance in writing when it agrees with the IJ's reasoned decision). Accordingly, Almeida's claim has no merit.

IV.

For the foregoing reasons, we will deny the petition and affirm the order of the BIA.