

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Dennis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4457

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dennis v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1281.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1281

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4457
_____

ROGER ANTHONY DENNIS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A41 598 513
on February 23, 2004
Immigration Judge: Grace A. Sease

_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2007

Before:  FISHER, ALDISERT AND WEIS,  <u>Circuit Judges</u>.

(Filed  April 17, 2007)

_____

OPINION
_____

PER CURIAM

Roger Dennis petitions for review of a decision of the Board of Immigration

Appeals, finding him removable for having committed a crime that constitutes an aggravated felony and a controlled substance violation. As this Court has already dismissed Dennis's petition for review of this same decision, and has already denied his related appeal from a habeas petition, the appeal will be dismissed.

Dennis is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident on June 21, 1987. On April 14, 2003, he was convicted of Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 110/220.39(1). A.R. 172. He was sentenced to one to three years imprisonment. Dennis was placed in removal proceedings via a Notice to Appear, dated July 22, 2003.

The Immigration Judge found that Dennis was removable as charged and that his conviction was final. The Board of Immigration Appeals (BIA) agreed in a decision dated February 23, 2004, specifically noting that Dennis's conviction constituted an aggravated felony and a controlled substance offense. In February 2005, Dennis filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York challenging his removal order and his continued detention. Following passage of the REAL ID Act of 2005, Pub.L. No. 109-13, div. B, 119 Stat. 231 (2005), the Court transferred the portion of the case challenging Dennis's removal order to this Court and the portion challenging his continued detention to the United States District Court for the Middle District of Pennsylvania.

However, previously, in March of 2004, Dennis had filed a habeas petition in the United States District Court for the Middle District of Pennsylvania. That court denied his habeas petition, including claims that he was not convicted of an aggravated felony and that he was eligible for a deportation under former § 212(c) of the Immigration and Nationality Act. The Court also transferred a claim of derivative citizenship to this Court to be treated as a petition for review. On August 11, 2004, we affirmed the District Court's decision as to the habeas petition, holding that Dennis' conviction was an aggravated felony, that he was ineligible for § 212(c) relief, and that his detention was permissible. See Dennis v. Ashcroft, C.A. No. 04-2046 (3d Cir., Aug. 11, 2004). On November 4, 2004, this Court dismissed Dennis' petition for review of the BIA's February 23, 2004 decision for lack of jurisdiction.[1] See Dennis v. Ashcroft, C.A. No. 04-1824 (3d Cir., Nov. 1, 2004).

As we have already found that Dennis's removal order is valid, we must dismiss

---

[1] Under section 242(a)(2)(C) of the Immigration and Nationality Act (INA) [8 U.S.C. 1252(a)(2)(C)], we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed," inter alia, a controlled substance violation covered in INA § 212(a)(2). We found that Dennis's citizenship claim was without merit, and he was thus an alien who had committed a controlled substance violation. Although the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders, that Act was not yet in effect when we decided Dennis's prior appeals. See INA § 242(a)(2)(D) [8 U. S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Nevertheless, as noted, we had already reviewed the merits of Dennis's claims through his habeas appeal. Xu Cheng Liang v. INS, 206 F.3d 308, 317 (3d Cir. 2000) (pre-REAL ID Act case holding that district courts retained habeas jurisdiction over cases filed by criminal aliens).

this petition for review.  8 U.S.C. § 1252(d)(2).