

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2007

# Joseph v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1496

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Joseph v. Atty Gen USA" (2007). *2007 Decisions.* Paper 950.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/950

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1496
_____

GEORGE RUSSELL JOSEPH,

Petitioner

v.

UNITED STATES ATTORNEY GENERAL
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A43 578 078
on January 18, 2006
_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 22, 2006

Before: BARRY, CHAGARES AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed June 13, 2007)

_____

OPINION
_____

PER CURIAM

George Russell Joseph is a native and citizen of Trinidad and Tobago.[1] Joseph seeks review of an order of the Board of Immigration Appeals (BIA), upholding an Immigration Judge's decision that found him removable and ineligible for cancellation of removal. Because Joseph is ineligible for cancellation of removal, we will deny the petition for review.

Joseph entered the United States in December 1992 as a conditional resident. He became a permanent resident in December 1994. He was placed in removal proceedings by a notice to appear, dated June 15, 2005, which charged him with being removable for having committed a controlled substance violation and an aggravated felony. The Immigration Judge (IJ) found him removable for the controlled substance violation, but found that the Government had not met its burden of showing that any of his convictions was also an aggravated felony. The IJ found Joseph ineligible for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)], the only relief for which he applied.

The Board of Immigration Appeals (BIA) affirmed, specifically noting that the IJ did not err in denying cancellation of removal, because Joseph had not accrued 5 years of continuous presence from the time he was admitted as a permanent resident in December

---

[1] It is not clear if this is Petitioner's correct name. Petitioner filed his petition for review under the name of "George Russell Joseph." His brief is signed "Russell J. George" and alternatively refers to himself as "Mr. Russell." As our caption reflects the name he used in his petition for review, we will refer to petitioner as "Joseph."

1994 to the time he was convicted of a controlled substance violation in January 1998.[2]

Joseph timely filed a petition for review and a motion for stay of removal.

Pursuant to section 242(a)(2)(C) of the Immigration and Nationality Act (INA) [8 U.S.C. § 1252(a)(2)(C)], we lack jurisdiction to review "any final order of removal against an alien who is removable" because of a controlled substance violation. However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; see Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We therefore may consider whether the BIA correctly applied the law in denying Joseph cancellation of removal.

Pursuant to 8 U.S.C. § 1229b, the Attorney General may, in his discretion, cancel the removal of an alien who has been: (1) lawfully admitted for permanent residence for not less than five years, (2) if the alien has also continuously resided in the U.S. in any status for seven years, and (3) if the alien has not committed an aggravated felony. However, the calculation of the period of continuous residence required for relief stops when an alien commits a controlled substance violation. See 8 U.S.C. § 1229b(d)(1) [INA § 240A(d)(1)]. As the Government candidly explains in its brief, this "stop-time" provision applies only to the second requirement listed above; i.e., that the alien has

_____

[2] The BIA noted that Joseph's argument that he had not committed an aggravated felony was irrelevant, as he was not found removable on that ground, and that it could not entertain his arguments concerning his continued detention outside the context of bond hearings.

3

continuously resided in the U.S. for seven years after having been admitted in any status. See Matter of Perez, 22 I&N Dec. 689, 692 n.2 (BIA 1999) (en banc). The stop-time provision does not apply to the first requirement. Id.

The BIA erroneously found that Joseph had not met the first requirement of five years of permanent residence, since Joseph had been a permanent resident for over nine years at the time of the IJ's decision. However, Joseph is ineligible for cancellation of removal under the second step (lack of continuous residence for seven years), because Joseph, who was admitted to the United States in December of 1992, committed a controlled substance violation, triggering the statute's "stop-time" provision, in August of 1997. He thus did not accrue seven years of "continuous residence" under the statute.[3]

For the foregoing reasons, we will deny the petition for review.

_____

[3] In his brief, Joseph argues that he did not commit an aggravated felony. His argument is irrelevant, as he was not found removable for having committed an aggravated felony. We agree with the Government that other issues in his brief regarding adjustment of status and parole for arriving aliens have no relevance to this petition for review.

We note that Joseph also challenges his continued detention. Challenges to post-removal order detention should be raised in a habeas petition filed in the appropriate District Court. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); 8 U.S.C. § 1252(a) (only eliminating district court's habeas jurisdiction over orders of removal).