

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# Alli v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alli v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 07-3101 & 07-3244

———————

OLADIMEJI OLATUNJI ALLI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A47 119 908)
Immigration Judge:  Honorable Walter A. Durling

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008

Before:  BARRY, SMITH AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 5, 2008)

———————

OPINION

———————

PER CURIAM

Oladimeji Alatunji Alli[1] seeks review of an order of the Board of Immigration

———————

[1] The record contains alternative spellings of the petitioner's name.  We will use the spelling used in the petitioner's brief.

Appeals ("BIA") sustaining the government's appeal of an Immigration Judge's ("IJ") decision granting Alli's application for protection under the Convention Against Torture ("CAT"). We will deny the petition for review in part and dismiss it in part for lack of jurisdiction.

Alli is a native and citizen of Nigeria. In November 1999, he was admitted into the United States as a permanent resident. In April 2005, he was convicted of embezzlement of mail by a United States postal service employee and was sentenced to twenty-one months of imprisonment. In 2006, he was placed in removal proceedings for having committed a crime involving moral turpitude.[2] Alli applied for CAT relief based on his fear of being detained and tortured by Nigerian authorities upon his return to the country as a criminal deportee. The IJ held an evidentiary hearing on March 12, 2007. Alli testified that he worked for port authorities in shipping and receiving when he was in Nigeria, and during his employment, he saw deportees returned to Nigeria and taken to prison. Alli also stated that his wife's brother was jailed and beaten, apparently for political reasons, but he had no other knowledge of how people are treated while in detention in Nigeria. Alli submitted various supporting materials into evidence.

The IJ granted Alli CAT relief, finding sufficient evidence in the record that it was more likely than not that Alli will be detained and tortured upon returning to Nigeria. Specifically, the IJ found that a provision of Nigerian law known as Decree 13 would be

---

[2] Initially, Alli had been charged with removability because his conviction also included an aggravated felony, but the IJ dismissed the aggravated felony charge.

applied to Alli as a wanted criminal, as Decree 13 criminalizes fraud crimes committed outside Nigeria and allows for prosecution under Nigerian law. The IJ found that Alli would probably be detained by virtue of the existence and presumed enforcement of Decree 13. Moreover, the IJ found a sufficient likelihood that Alli would be tortured during detention given the evidence of a high incidence of severe torture inflicted on detainees by Nigerian government authorities. On June 28, 2007, the Board of Immigration Appeals ("BIA") sustained the government's appeal and reversed the IJ's finding that Alli is eligible for CAT relief, noting, among other things, the absence of evidence that Decree 13 is enforced against criminal deportees. Thus the BIA found that the record lacked evidence that it is more likely than not that Alli will be detained for prosecution. As such, in light of the failure to show a clear probability that he will be detained, the BIA concluded that Alli failed to show a clear probability of torture incident to detention. The BIA ordered Alli removed to Nigeria. This petition for review followed.[3]

As the government notes in its brief, we generally lack jurisdiction to review final orders of removal against criminal aliens, like Alli, who were convicted of a crime involving moral turpitude. See 8 U.S.C. § 1252(a)(2)(C). However, we may review "constitutional claims or questions of law" raised in a petition for review. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Thus, we

---

[3] Alli filed two timely petitions for review, the first pro se and the second by counsel. The matters have been consolidated in this Court for all purposes.

3

may consider whether the BIA violated a rule of law or a provision of the United States Constitution. See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally erroneous standard").

Here, Alli argues that the BIA violated his due process rights to a meaningful review of the IJ's decision, because its decision failed to state the standard of review it employed and failed to comment on the facts found by the IJ. Alli cites no authority for this argument. Moreover, even assuming such a due process right exists, aside from disputing the conclusion reached by the BIA, Alli does not allege how his right to a full and fair hearing was prejudiced. See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006) (a showing of substantial prejudice is needed for an alien to prevail on a procedural due process claim). We find no merit to this argument.

Alli further argues that the BIA improperly engaged in its own fact-finding instead of reviewing the IJ's factual findings under a "clearly erroneous" standard. See 8 C.F.R. §§ 1003.1(d)(3)(i) and (iv). To exemplify this contention, Alli lists certain facts found by the IJ and that are present in the record, including the existence of a Nigerian enforcement body to prosecute Decree 13 crimes and the authorities' known use of torture to secure confessions and convictions. Alli asserts that these facts are not subject to change by the BIA absent clear error. However, from those and other facts, the IJ made a judgment that Alli met his burden of proof for his CAT claim. Given the IJ's statement in its decision

4

that the record contained no direct evidence that Nigerian criminal laws would necessarily lead to a returnee's being detained upon arrival (see A.R. 28), the BIA appropriately reviewed the IJ's conclusion that the evidence was sufficient for Alli to have met his burden of proof for his CAT claim. See 8 C.F.R. § 1003.1(d)(3)(ii) (stating that the "Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs] *de novo*."). The BIA noted the absence of evidence in the record regarding how frequently Nigerian officials prosecute criminal returnees, or whether the authorities would apply Decree 13 to criminal returnees, even if empowered under law to do so. Ultimately, the BIA concluded that the record lacked any evidence to show that it is more likely than not that Alli would be detained under Decree 13, and we discern no inappropriate fact-finding by the BIA in reviewing the IJ's decision. To the extent that Alli argues that the BIA's reversal of the IJ's finding of CAT relief eligibility is not supported by substantial evidence, as noted earlier, this issue is outside our jurisdiction and will be dismissed.

For the foregoing reasons, we will deny the petition for review in part and dismiss it in part.