

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2006

# Elmour v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Elmour v. Atty Gen USA" (2006). *2006 Decisions.* Paper 890.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/890

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3965
_____

BRIAN PETER ELMOUR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A36 885 101)
Immigration Judge Irma Lopez-Defillo

_____

Argued May 12, 2006
Before: FISHER, COWEN and ROTH[*], *Circuit Judges.*

(Filed: June 15, 2006)

Eszart A. Wynter (Argued)
27 Estate Whim
P.O. Box 1847
Frederiksted, St. Croix
USVI 00841-1847
       *Attorney for Petitioner*

_____

       [*]The Honorable Jane R. Roth assumed senior status on May 31, 2006.

Ernest F. Batenga
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI  00820

Richard M. Evans
Allen W. Hausman (Argued)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
       *Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Brian Elmour petitions for review of the legality of his deportation.  We will deny

the petition.

Elmour, a 43 year-old citizen of Great Britain who has lived continuously in the

United States for the past 42 years, pled guilty on September 14, 2001, in the Territorial

Court of the Virgin Islands, to assault.  On October 21 of that year he was given a

suspended sentence of three years' imprisonment.  On November 14, 2002, Elmour was

arrested by the Immigration and Naturalization Service, and served with a Notice To

Appear, charging that his crime was an aggravated felony that rendered him deportable.

Facing removal proceedings, Elmour moved on December 18, 2002, to modify or reduce

his sentence.  (A sentence of at least a year was a statutory predicate for his deportation,

2

*see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F).)  Under Virgin Islands Territorial

Court rules, the filing period for such motions runs for 120 days following sentencing.

Because Elmour's motion was filed well outside that period, the court denied the motion

as untimely.  Elmour then filed a motion to withdraw his plea on grounds of ineffective

assistance of counsel, a motion for which the local rules do not set a filing period.

Elmour alleged that while he wanted to go to trial with a self-defense claim, his trial

counsel assured him that his plea would have no immigration consequences.  The Virgin

Islands courts denied his motion, and Elmour appealed that denial to this Court.  That

appeal remains pending.  It is not, however, the subject of this case.

This case concerns a habeas petition Elmour filed on August 6, 2004, in the

District Court, which was subsequently converted to a petition for review and transferred

to this Court under the REAL ID Act.  *See* 8 U.S.C. § 1252(a)(5).  In that petition, Elmour

challenges the legality of his detention and removal by the government. His ground for

this challenge is the pendency of the appeal described above.  The instant petition does

not and cannot reach the merits of the ineffective assistance claim.  It seeks instead a stay

of removal pending adjudication of Elmour's appeal of the denial of his motion to

withdraw his plea; as the petition puts it, "the constitutional violations need to be

addressed before Petitioner is incarcerated and removed."

The District Court granted a stay of removal "until the Court has an opportunity to

determine the merits of Elmour's petition."  The District Court held a hearing, and, on

August 17, 2005, properly ruled that it lacked jurisdiction over the immigration judge's

3

order finding Elmour deportable, and that the matter should be transferred to this Court. Elmour thus presses two arguments here: first, that his deportation was illegal because it was carried out in violation of the stay, and second, that his deportation was illegal because of the pending appeal of his motion to withdraw his guilty plea.

First, we consider the stay. We never ordered one, nor did Elmour ask us for one, so the only stay in question is the one ordered by the District Court pending resolution of the habeas petition that became this petition for review. When this Court initially received Elmour's petition following the REAL ID Act transfer, we notified Elmour's counsel that docketing fees were due. Counsel did not respond or pay the fees, and so on September 19, 2005, we dismissed the petition. As of September 20, 2005, then, there was no legal challenge pending to the federal government's detention or deportation of Elmour. Elmour did not move to reopen the petition until October 11, 2005, and we did not grant that motion and reinstate the petition until November 9. On October 14, Elmour was deported to England. This sequence of events moots the question of the effect that the transfer of the petition to this Court had on the stay entered by the District Court. Even if the stay survived the transfer, a question which we do not address, as we have had no briefing or argument on it, it is plain that there was no stay in effect following our dismissal of the petition, and thus no stay in effect when Elmour was deported. We note with approval that the government did not exploit any potential legal ambiguity by seeking to deport Elmour during the period following the transfer of the petition, when the effect of the stay might have been thought uncertain.

4

Second, we consider the pending appeal of Elmour's motion to withdraw his guilty plea. The Department of Homeland Security has the authority, pursuant to 8 U.S.C. § 1101(a)(48)(A), to deport any alien following a qualifying final conviction. Elmour's post-sentence motion to withdraw his plea is a collateral attack, and a pending collateral attack does not render a conviction non-final for any purpose. *See*, *e.g.*, *United States v. Frady*, 456 U.S. 152, 164 (1982). Elmour's conviction was final, and his deportation was legal. The pendency of his appeal of the denial of his plea withdrawal motion has no effect on the legality of his deportation.

To be sure, if in due course Elmour prevails on his ineffective assistance claim and is permitted to withdraw his guilty plea, then he will no longer have a final conviction for immigration purposes. *See Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005) ("[A]n alien whose conviction is vacated on collateral attack because the alien's trial counsel was ineffective under the Sixth Amendment, no longer stands 'convicted' for immigration purposes.") In that case, we expect that his return to the United States, for retrial if the territorial government so decides, would be a matter of course. But his ineffective assistance claim has not yet been decided.

Finally, no issues remain to be resolved in the District Court. The REAL ID Act provided that all habeas corpus petitions challenging the removal of aliens pending when that Act took effect be converted to petitions for review and transferred to this Court, 8 U.S.C. § 1252(a)(5), and that our review "shall be the sole and exclusive means" of resolving all legal challenges to government's authority to deport an alien, including

5

challenges based on "any habeas corpus provision." *See Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005) (interpreting transfer and jurisdictional provisions). As to the legality of the government's deportation of Elmour, Congress has entrusted review of that question solely to the Courts of Appeals.

As to the legality of Elmour's detention, conceived as an independent issue distinct from his deportation, we express no opinion on whether, if Elmour had not been deported but remained in DHS custody, jurisdiction might have persisted in the District Court over a habeas corpus cause of action challenging only his detention. That question is not before us because Elmour has been deported. Any habeas claim pertaining solely to his detention that otherwise would have survived our denial of this petition has been mooted.

For the foregoing reasons, the petition will be denied.