

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2006

# Lopez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Lopez v. Atty Gen USA" (2006). *2006 Decisions.* Paper 467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2807
_____

OLIVERIO LOPEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A74-398-788)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 8, 2006

Before: AMBRO, FUENTES, and NYGAARD, Circuit Judges.


(Filed: September 11, 2006)


_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Oliverio Lopez is a native of the Republic of Guatemala. He entered the United States illegally in 1996, subsequently applying for asylum. Although his claim for asylum was denied on June 20, 1997 by an immigration judge in Los Angeles, California, he was granted voluntary departure. He was scheduled to be deported from Los Angeles on April 25, 2000, but failed to appear.

Lopez apparently moved to Lehigh, Pennsylvania in April of 2002 where he married his present wife, Sandra Adames Lopez, an American citizen. Lopez applied for an adjustment of status to lawful permanent resident, but was denied. He was apprehended by immigration authorities in April of 2005 and is currently being detained in the Berks County, Pennsylvania prison. Pursuant to a stay order entered by the United States District Court for the Eastern District of Pennsylvania, Lopez is currently not under any threat of removal.

On May 11, 2005, Lopez filed an Emergency Motion for Stay of Removal and a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania. On the same day his motion and habeas petition were filed, the President signed into law a measure known as the REAL ID Act of 2005. The REAL ID Act dramatically altered federal court review of removal orders by providing that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). This statute effectively deprived the United States District Courts of authority to entertain

2

habeas corpus petitions that challenge orders of removal. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005); *Jordon v. Attorney General*, 424 F.3d 320, 326 (3d Cir. 2005). Pursuant to the dictates of the REAL ID Act, the District Court transferred his case to this court.

## I.

Under the REAL ID Act, a petition for review is now the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1). Our jurisdiction was also expanded, giving this court authority to consider constitutional claims or questions of law raised in an alien's petition for review. 8 U.S.C. § 1252(a)(2)(D) (2005); *see also Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005). All habeas petitions brought by aliens that were pending in the District Court on the date the REAL ID act became effective are to be converted to petitions for review and transferred to the appropriate court of appeals. *Bonhometre v. Gonzales*, 414 F.3d at 446.

The REAL ID Act further provides that a petition for review shall be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Here, neither party disputes that the immigration judge who completed the proceedings against the Petitioner was located in Los Angeles, California. This court, therefore, is not the proper venue for those claims in which Lopez challenges his petition for removal. *See id.* The petition for review will be

transferred to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 1631.

Lopez also makes claims in his petition challenging his current detention by immigration authorities in the Berks County, Pennsylvania prison. To the extent Lopez remains in the custody of immigration officials and continues to seek release from detention, such a claim should be presented to the District Court in the district in which he is detained. *See Bonhometre,* 414 F.3d at 446 n.4. (recognizing that the REAL ID Act made petitions for review the exclusive means for judicial review of orders of removal, but did not eliminate district court habeas jurisdiction over challenges to detention); 28 U.S.C. § 2241. Neither party objects to the District Court retaining jurisdiction over Lopez's claims relating to his detention. Therefore, we will transfer those claims back to the United States District Court for the Eastern District of Pennsylvania.

## II.

Lopezes remaining claims challenge the denial of his request for an adjustment of status. The Government argues in supplemental briefing that we lack jurisdiction over Lopez' claims regarding his denial of adjustment in status. Lopez filed an application for adjustment of status in June of 2003. His wife filed a petition for alien relative at the same time. An interview to determine the validity of the marriage was scheduled for February 3, 2005 in Philadelphia. The Lopezes arrived an hour late for their scheduled interview. Although the Citizenship and Immigration Services (CIS) personnel allegedly indicated that the hearing would be re-scheduled, it was not. Instead,

4

on February 3, 2005, the CIS sent a letter to Petitioner's spouse which indicated that she had failed to meet her burden of proof that she and Petitioner had a bona fide marriage. Although the Petitioner's wife had thirty days to appeal this determination, she did not file any such appeal.

Concurrent to the proceedings concerning his wife's petition for alien relative, the CIS sent Lopez a letter indicating that it was administratively closing his Application to Adjust Status. Under 8 C.F.R. § 245.2(a)(1) (1965) (amended 2002), "[a]fter an alien . . . is in deportation or removal proceedings, his or her application for adjustment of status . . . shall be made and considered only in those proceedings." *See Borges v. Gonzalez*, 402 F.3d 398, 401 n.2 (3d Cir. 2005); *Drax v. Reno*, 338 F.3d 98, 118 n.26 (2d Cir. 2003). Petition was placed in removal proceedings on November 12, 1996. The record reflects that the immigration judge's order was entered on June 20, 1997 and became final when Lopez failed to file an appeal within the thirty-days prescribed by regulation. *See* 8 C.F.R. §§ 1003.3(a), 1003.38, 1003.39, 1240.52, 1240.53 and 1241.31. Inasmuch as Lopez failed to bring his request for an adjustment in status within his original removal proceedings, he is barred from bringing such a challenge now.

Finally, Lopez raises due process arguments in connection with his request for an adjustment of status. As we are transferring this Petition for Review to the Court of Appeals for the Ninth Circuit, we express no judgment on these claims, leaving them for the Ninth Circuit to review.

III.

5

For the foregoing reasons, the Petition for Review is hereby transferred to the United States Court of Appeals for the Ninth Circuit to the extent it challenges the final order of removal. Those issues that challenge Lopez' current detention, however, are remanded to the United States District Court for the Eastern District of Pennsylvania for further determination.