

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Amoroso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Amoroso v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos. 06-2628 & 06-4385

GIUSEPPE AMOROSO,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent

On Petition for Review from the Board of Immigration Appeals
BIA No. A18-850-801

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge*[*]

(Filed: March 26, 2008)

OPINION

DIAMOND, *District Judge*.

---

[*]The Honorable Gustave Diamond, Senior District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

Petitioner Giuseppe Amoroso, a native and citizen of Italy, petitions this court for review of the Board of Immigration Appeals' ("BIA") April 10, 2006, order denying his second motion to reopen his deportation proceedings and its September 11, 2006, order denying his motion to reconsider the denial of that motion. For the reasons set forth below, we will deny Amoroso's consolidated petitions for review.

I.

In an Order to Show Cause dated January 15, 1997, the former Immigration and Naturalization Service charged Amoroso with being deportable as a result of his conviction for distribution of cocaine. Amoroso denied the allegation that he was deportable and he further challenged the allegation that he was a citizen of Italy, claiming United States citizenship. On February 2, 1998, the Immigration Judge ("IJ") issued an oral decision rejecting Amoroso's claim to United States citizenship and finding him to be a citizen of Italy. The IJ sustained the allegation regarding his conviction for cocaine distribution and found him deportable.

Amoroso sought a waiver pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996).[1] The IJ found he lacked

_____

[1] Former § 212(c) of the INA allowed the Attorney General to waive deportation for aliens under certain circumstances. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 440(d) of AEDPA amended § 212(c) by identifying a broad set of offenses for which convictions would preclude a waiver, including Amoroso's drug conviction. Also in 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). IIRIRA repealed § 212(c) relief altogether and replaced it with cancellation of removal, which was not available to aggravated felons.

jurisdiction to consider Amoroso's request for relief under § 212(c) and ordered his deportation to Italy. The BIA dismissed Amoroso's appeal of the IJ's decision in an order dated December 6, 1999. Amoroso filed a petition for review with this court, which was dismissed for lack of jurisdiction on February 4, 2000.

On May 18, 2001, Amoroso filed with the BIA a motion to reopen, requesting that his proceedings be remanded for a bond hearing and to allow him to seek a stay of deportation. On June 21, 2001, the BIA denied Amoroso's motion as untimely. Amoroso was deported from the United States in early July 2001. In September 2001, Amoroso reentered the United States unlawfully. He was apprehended in July 2004, and remains in federal custody awaiting trial for his unlawful reentry.

On January 13, 2006, Amoroso filed a second motion to reopen his deportation proceedings pursuant to *INS v. St. Cyr*, 533 U.S. 289 (2001),[2] claiming that he was eligible for a waiver under former § 212(c). On April 10, 2006, the BIA denied Amoroso's second motion to reopen, finding that it was untimely filed and it exceeded the numerical limitation for motions to reopen. Amoroso filed with this court a petition for review of the BIA's April 10, 2006, order denying his second motion to reopen, which was docketed at No. 06-2628.

On May 4, 2006, Amoroso filed with the BIA a motion to reconsider its denial of

---

[2] In *St. Cyr*, the Supreme Court held § 212(c) relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326.

his second motion to reopen, arguing that his prior counsel failed to advise him of "his options regarding a *St. Cyr* based motion to reopen*,*" and challenging the federal regulation promulgated following the *St. Cyr* decision, which imposed the deadline of April 26, 2005 to seek relief under former § 212(c). On September 11, 2006, the BIA denied Amoroso's motion to reconsider because it found no error of fact or law in its prior decision on his second motion to reopen. To the extent Amoroso claimed ineffective assistance of his prior counsel, the BIA held that he failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) for bringing such a claim. Amoroso filed with this court a petition for review of the BIA's September 11, 2006, order denying his motion to reconsider, which was docketed at No. 06-4385 and consolidated with No. 06-2628.

On September 11, 2006, the same day the BIA denied Amoroso's motion to reconsider, Amoroso filed a document entitled "Response to Government's Opposition" to his motion to reconsider (the "Response"), arguing that he had satisfied the *Lozada* requirements to establish an ineffective assistance of counsel claim. However, nothing in the record indicates that the Government had filed an opposition to Amoroso's motion to reconsider. Because Amoroso's Response was filed the same day as the BIA's order denying his motion to reconsider, the BIA did not consider the Response in rendering its September 11, 2006, decision.

Subsequently, on October 6, 2006, Amoroso filed with the BIA a third motion to

reopen, which was entitled *"Lozada* Motion to Reopen," alleging ineffective assistance of prior counsel and eligibility for relief under *St. Cyr.*[3] By order dated December 18, 2006, the BIA denied Amoroso's third motion to reopen, finding that *even if* Amoroso had satisfied the procedural requirements of *Lozada*, he could not demonstrate the necessary prejudice to establish an ineffective assistance of counsel claim because *St. Cyr* did not render him eligible for § 212(c) relief. The BIA further determined in the December 18, 2006, order that Amoroso's previous removal from the United States deprived it of jurisdiction to reopen his deportation proceedings. Amoroso did not file a petition for review of the BIA's December 18, 2006, order.

## II.

We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252. However, in cases such as this involving criminal aliens, the REAL ID Act restricts this court's jurisdiction to constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(D); *see Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005). Therefore, we may consider Amoroso's main contention on appeal that the BIA erred in denying his motions to reopen and reconsider, as well as his due process claim alleging ineffective assistance of counsel, which he asserted in his motion to reconsider.

Denials of motions to reopen or reconsider are within the discretion of the BIA.

---

[3]The arguments raised by Amoroso in his third motion to reopen, as well as the documents he submitted with that motion in support of his ineffective assistance of counsel claim, were virtually identical to his September 11, 2006, Response.

*See* 8 C.F.R. § 1003.2(a). Thus, we review the BIA's denial of Amoroso's second motion to reopen and his motion to reconsider for abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, the BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted). However, we review *de novo* the BIA's determination of an underlying procedural due process claim, such as its determination in the September 11, 2006, order denying Amoroso's motion to reconsider that he failed to comply with the procedural requirements to establish an ineffective assistance of counsel claim. *See Fadiga v. Attorney General*, 488 F.3d 142, 153 (3d Cir. 2007) (holding that ineffective assistance of counsel claims in immigration proceedings are reviewed *de novo*). Finally, questions of law, such as whether the BIA applied the correct legal standard in considering the motions to reopen and reconsider also are reviewed *de novo*. *Id*. at 153-54.

Although we have jurisdiction to review the BIA's denial of Amoroso's second motion to reopen and his motion to reconsider the denial of that motion, we do not have jurisdiction to consider claims that were not properly brought before this court. As noted above, Amoroso did not file a petition for review of the BIA's December 18, 2006, order denying his third motion to reopen. Accordingly, we do not have jurisdiction to consider Amoroso's ineffective assistance of counsel claim to the extent he relies on arguments and evidence submitted in his third motion to reopen, which was denied by the BIA in its

6

December 18, 2006, order, nor do we have jurisdiction to consider Amoroso's argument that the BIA erred by holding in the December 18, 2006, order that it lacked jurisdiction to reopen his deportation proceedings because of his previous removal from the United States. *See Stone v. INS*, 514 U.S. 386, 395 (1995) ( holding that "the filing of the reconsideration motion does not toll the time to petition for review").

III.

Contrary to Amoroso's position, the BIA did not abuse its discretion in denying his second motion to reopen or his motion to reconsider the denial of that motion. Further, Amoroso has not established that the BIA violated his due process rights by rejecting his ineffective assistance of counsel claim which he asserted in his motion to reconsider.

A motion to reopen must be filed within ninety days of the BIA's decision. 8 C.F.R. § 1003.2(c)(2). Here, Amoroso filed his second motion to reopen on January 13, 2006, which was over six years after the BIA's December 6, 1999, dismissal of his appeal of the IJ's order finding he was deportable and denying his application for a waiver under former § 212(c). Thus, the BIA did not abuse its discretion in denying Amoroso's second motion to reopen as untimely. The BIA also correctly observed that Amoroso's second motion to reopen was not filed within ninety days of the Supreme Court's June 12, 2001, decision in *St. Cyr*, or by the April 26, 2005, deadline established by 8 C.F.R. § 1003.44(h) for special motions to seek § 212(c) relief for aliens subject to final orders of

7

deportation.[4]

Further, the BIA did not abuse its discretion in denying Amoroso's second motion to reopen based on the numerical bar under 8 C.F.R. § 1003.2(c)(2) limiting the appellant to a single motion to reopen. *See id.* (stating that an alien may file only one motion to reopen deportation proceedings). Exceptions to this numerical limitation under 8 C.F.R. § 1003.2 do not apply in Amoroso's situation.

Likewise, the BIA did not abuse its discretion in denying Amoroso's motion to reconsider. The BIA correctly determined in its September 11, 2006, order denying Amoroso's motion to reconsider that he failed to identify any error of fact or law in its earlier decision denying his second motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1) (requiring that a motion to reconsider "state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision"). Rather, Amoroso argued that

---

[4]Following the Supreme Court's decision in *St. Cyr*, the Executive Office for Immigration Review, pursuant to its authority delegated by the Attorney General, published a rule setting forth how requests for § 212(c) relief would be handled. The rule - 8 C.F.R. § 1003.44(h) - provides that "[a]n alien subject to a final administrative order of deportation or removal must file a special motion to seek section 212(c) relief on or before April 26, 2005," which was 180 days from the October 28, 2004, effective date of the rule. On appeal, Amoroso argues that this provision, which places a time limit on filing a special motion for § 212(c) relief, constitutes an improper exercise of the Attorney General's regulatory authority and an impermissible implementation of the Supreme Court's holding in *St. Cyr*. We reject Amoroso's argument because § 1003.44(h) afforded aliens like Amoroso a sufficient window to raise a § 212(c) claim. *See Johnson v. Gonzales*, 478 F.3d 795 (7th Cir. 2007) (upholding the BIA's adherence to the deadline in 8 C.F.R. § 1003.44(h) on the grounds that "the rule does not eliminate relief; it simply imposes a deadline for requesting relief, the sort of procedural limitation that is commonly found in the law" and further finding that "[t]he deadline does not directly contravene *St. Cyr*"). *Id.* at 799.

8

reconsideration was warranted because his prior attorneys failed to advise him about "a *St. Cyr* based motion to reopen."

To the extent Amoroso asserted that the BIA erred by failing to reopen his immigration proceedings due to the ineffective assistance of his prior attorneys, the BIA properly found in its September 11, 2006, order that Amoroso's second motion to reopen and motion to reconsider did not establish that he satisfied the requirements for bringing an ineffective assistance of counsel claim. In *Lozada*, the BIA laid out a three-step procedure for establishing ineffective assistance of counsel that would justify reopening.[5] The BIA correctly determined that Amoroso's second motion to reopen did not establish ineffective assistance under *Lozada's* three-step procedure because he (1) failed to submit an affidavit detailing his agreements with his former attorneys and (2) failed to show that he filed complaints against either of them with appropriate disciplinary authorities, or explain why no complaints were filed. Accordingly, the BIA did not abuse its discretion in refusing to reconsider its decision to deny reopening of Amoroso's immigration proceedings, and the BIA's rejection of Amoroso's ineffective assistance of counsel

---

[5]Under the *Lozada* procedure for establishing ineffective assistance of counsel, the alien must (1) provide an affidavit attesting to the relevant facts regarding the detailed agreement entered into with former counsel, (2) inform former counsel of the allegations and allow him the opportunity to respond prior to presenting those allegations to the BIA, and (3) provide evidence that a complaint has been filed with the appropriate disciplinary authorities regarding the allegedly ineffective representation, and if not, the reason therefor. *Lozada*, 19 I. & N. Dec. at 639. We have held that the BIA's three-step *Lozada* procedure is not an abuse of the BIA's discretion. *See Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001).

claim did not violate Amoroso's due process rights.

IV.

For the foregoing reasons, we will deny Amoroso's consolidated petitions for review of the BIA's April 10, 2006, order denying his second motion to reopen his deportation proceedings and its September 11, 2006, order denying his motion to reconsider the denial of that motion.