

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Falou Ndiaye v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Falou Ndiaye v. Atty Gen USA" (2008). *2008 Decisions.* Paper 34.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/34

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3483
_____

FALOU NDIAYE,
Petitioner
vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A93 012 251)
Immigration Judge:  Honorable Jeffrey Romig
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed December 29, 2008)

_____

OPINION
_____

PER CURIAM.

Falou Ndiaye, proceeding pro se, petitions for review of a final order of

removal of the Board of Immigration Appeals ("BIA").  For the reasons that follow, we

1

will dismiss the petition for review for lack of jurisdiction.

Ndiaye is a native and citizen of Senegal. He came to the United States in 1988 as a visitor with permission to stay for 30 days. In 2005, Ndiaye was convicted in the United States District Court for the Southern District of New York of conspiracy to distribute heroin and possession with the intent to distribute heroin. He received a 70-month prison sentence. In 2007, a notice to appear was issued charging Ndiaye with removability because he had been convicted of an aggravated felony and a controlled substance violation. Ndiaye admitted the allegations in the notice to appear, and the Immigration Judge ("IJ") found him removable as charged. Ndiaye applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Ndiaye claimed a fear of persecution in Senegal on account of his homosexuality.

Ndiaye testified that he was married in Senegal in 1973 and had seven children. He stated that he knew that he was gay at the age of 14, but that he did not tell anyone. In 1988, Ndiaye felt that he could not hide his homosexuality any longer, and he announced to his family that he was gay. Ndiaye stated that his family would not speak to him, and he left his home. Ndiaye left Senegal two months later. Ndiaye further testified that he had no homosexual relationships in Senegal, and that he has had two homosexual relationships in the United States. Ndiaye fears that he will be harmed if he returns to Senegal.

2

The IJ found Ndiaye ineligible for asylum because he was convicted of an aggravated felony, and ineligible for withholding of removal because his drug trafficking crime is a "particularly serious crime" under the immigration statute. The IJ further found no clear probability of torture if Ndiaye is removed to Senegal. The IJ explained that the 2006 Country Report on Human Rights Practices for Senegal reflected discrimination against homosexuals and intolerance in the culture, but no likelihood of torture. Although Ndiaye believed homosexuality was a crime in Senegal, the IJ noted that the Country Report stated to the contrary. The IJ recognized that Ndiaye's case had sympathetic factors, including that he was 63 years old, that he had been here for 20 years, and that he would return to a country that did not tolerate homosexuality, but the IJ concluded that Ndiaye was not eligible for any form of relief under the Immigration and Nationality Act or for protection under the CAT.

The BIA affirmed, without opinion, the result of the IJ's decision, making the IJ's decision the final agency determination under the regulations. See 8 C.F.R. § 1003.1(e)(4). This petition for review followed. The Government has filed a motion to dismiss the petition for review for lack of jurisdiction, which has been referred to us for disposition.

The Government argues that we lack jurisdiction to review the BIA's final order of removal because Ndiaye was convicted of an aggravated felony, and he has not raised a legal or constitutional challenge to the BIA's decision. We agree. With the

exception of constitutional claims or questions of law, we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony.  8 U.S.C. § 1252(a)(2)(C),(D); <u>see</u> <u>also</u> <u>Papageorgiou v. Gonzales</u>, 413 F.3d 356, 357-58 (3d Cir. 2005).  Ndiaye has not raised in his brief a constitutional claim or a question of law.  The Government correctly states that each issue raised by Ndiaye relates to issues of fact and questions regarding the consideration, interpretation, and weight of the record evidence.

Accordingly, we will grant the Government's motion and will dismiss the petition for review for lack of jurisdiction.