**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1118
_____

JUAN JAIME BERRIO ECHEVERRY,
a/k/a Juan Guerrero,
a/k/a Jose Gerrero,

                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-597-928)
Immigration Judge: Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2010

Before: BARRY, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 2, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Juan Jaime Berrio Echeverry seeks review of a final order issued by the

Board of Immigration Appeals ("BIA").  We will dismiss the petition for review.

Because the parties are familiar with the background, we will summarize the facts that are relevant to our decision.  Echeverry is a native and citizen of Colombia.  In 1983, he was admitted to the United States as a lawful permanent resident; his last entry into the United States was in April 2006, as a returning permanent resident.  In June 2006, the Department of Homeland Security ("DHS") initiated removal proceedings, charging Echeverry with several grounds of removability based on offenses in his criminal record.  In relevant part, in light of his 1995 New Jersey conviction for manufacturing, distributing, and dispensing over fifty grams of marijuana, he was charged with removability for having been convicted of a violation of state law relating to a controlled substance.  See Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II) [8 U.S.C. § 1182(a)(2)(A)(i)(II)].  Echeverry conceded removability on that charge and applied for a waiver of removal under former INA § 212(c) [8 U.S.C. § 1182(c)].  After a hearing at which the Immigration Judge ("IJ") considered testimonial and documentary evidence, the IJ denied the waiver application as a matter of discretion because the negative factors outweighed the positive ones.[1]  The IJ ordered Echeverry removed to Colombia.

On December 11, 2009, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed Echeverry's appeal.  The BIA noted Echeverry's assertions

---

[1]  DHS also had charged Echeverry with removability as an alien who has been an illicit trafficker of a controlled substance, INA § 212(a)(2)(C) [8 U.S.C. § 1182(a)(2)(C)],

2

that the IJ did not give proper weight to his testimony and did not properly consider the hardship to Echeverry's family. However, the BIA agreed with the IJ's conclusion that Echeverry's lengthy residence in the United States, his family ties, and his employment history do not outweigh his crimes, drug use, and probation violation, adding that his recent driving violations reflect a lack of rehabilitation. The BIA concluded that the IJ properly denied the application for a section 212(c) waiver in the exercise of discretion.

Echeverry filed a timely petition for review. He contends that the IJ and the BIA erred in denying his waiver application because the positive equities in his case merited a favorable exercise of discretion. Echeverry cites 8 U.S.C. § 1252(a) and (b) in support of our jurisdiction to review a final order of removal. However, as noted by the respondent, we generally do not have jurisdiction to review final orders of removal against aliens, like Echeverry, who are removable because they were convicted of a controlled substance offense. See 8 U.S.C. § 1252(a)(2)(C) (precluding jurisdiction where alien is removable pursuant to INA § 212(a)(2) [8 U.S.C. § 1182(a)(2)]). In addition, we also generally lack jurisdiction to review any "decision or action of the Attorney General . . . the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The decision to grant or deny relief pursuant to former section 212(c) is specified under the statute's terms as being discretionary. See Liang v. INS, 206 F.3d 308, 311-12 and n.3 (3d Cir. 2000). Thus, we

---

but the IJ concluded that DHS did not establish Echeverry's removability on that charge.

are precluded from exercising jurisdiction over a petition for review of a decision to deny section 212(c) relief except to the extent that the petition raises constitutional claims or questions of law. <u>See</u> 8 U.S.C. § 1252(a)(2)(D); <u>Papageorgiou v. Gonzales</u>, 413 F.3d 356, 358 (3d Cir. 2005). The arguments in Echeverry's brief are limited to his disagreement with the agency's discretionary determination, and he raises no constitutional or legal issues that would invoke our jurisdiction.

For the foregoing reasons, we will dismiss the petition for review.