**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1759
_____

SAID RASHID MASESA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-671-133)
Immigration Judge:  Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2011
Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: March 14, 2011)
_____

OPINION
_____

PER CURIAM

        Said Rashid Masesa petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") order of removal.

We will deny the petition for review.

Because the parties are familiar with the background, we will present it here only briefly. Masesa is a native and citizen of Tanzania. In 2000, he arrived in the United States on a tourist visa. He later married a United States citizen and gained conditional permanent residency. In 2005, Masesa went to Brazil for a holiday celebration. When he returned to the United States, he was apprehended with a quantity of cocaine. He was paroled into the United States for criminal prosecution. In September 2006, Masesa was convicted of conspiracy to import at least 500 grams of cocaine (21 U.S.C. §§ 952, 960(a)(1), 960(b)(2), and 18 U.S.C. § 2), and of conspiracy to possess with intent to distribute at least 500 grams of cocaine (21 U.S.C. §§ 841(a), 841(b)(1)(B), and 18 U.S.C. § 2). He was sentenced to ninety-seven months of imprisonment. Meanwhile, Masesa's conditional permanent residency status was terminated in July 2006.

In 2009, Masesa was charged with being removable from the United States on the following bases: (1) as an alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude, or an attempt or conspiracy to commit such a crime (8 U.S.C. § 1182 (a)(2)(A)(i)(I)); (2) as an alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of (or conspiracy or attempt to violate) a controlled substance offense (8 U.S.C. § 1182 (a)(2)(A)(i)(II)); (3) as an alien who a consular official or immigration officer knows or

has reason to believe is or has been an illicit trafficker in a controlled substance or a conspirator in illicit trafficking (8 U.S.C. § 1182(a)(2)(C)); and (4) as an alien who is not in possession of a valid entry document (8 U.S.C. § 1182(a)(7)((A)(i)(I)). Masesa applied for deferral of removal under Article 3 of the United Nations Convention Against Torture ("CAT").

Masesa testified before the IJ in support of his CAT application. He stated that he was a leader of the Sungusungu Citizens Patrol ("SCP"), a volunteer civil patrol in his town on the island of Zanzibar. The SCP successfully apprehended several individuals who perpetrated robberies and ultimately served prison time. On August 15, 2000, as Masesa was returning to his family's home, four or five of the gang of robbers attacked him. Masesa asserted that he was targeted because of his position in the SCP. He suffered injuries, including a stab wound to the head, a fracture, and bruises. The police arrived at the scene and transported Masesa to the hospital, where he stayed for two days. He hid from his attackers until he fled to the United States in October 2000. Masesa also testified that in March 2009, the assailants went looking for him at his mother's home because they believed that he had returned to Tanzania. He stated that the Tanzanian police would not protect him from harm because the government does not have sufficient resources to provide that type of protection for individuals like him.[1]

The IJ found Masesa removable as charged and determined that Masesa's

---

[1] Masesa testified that no one ever attempted to harm him because of his race,

convictions rendered him statutorily ineligible for asylum and withholding of removal, given that both offenses qualified as aggravated felonies and as "particularly serious crimes." See U.S.C. §§ 1158(b)(2)(B)(i) and 1231(b)(3)(B). The IJ also found that Masesa did not demonstrate eligibility for CAT relief. Among other things, the IJ found that, even accepting as true Masesa's assertion that the Tanzanian police would be unable to protect him, there was no evidence that the police colluded with the gang of robbers who targeted and attacked him, and there was no evidence that the police are willfully blind to the activity of these criminals or would acquiesce to an attack on Masesa. Accordingly, the IJ denied Masesa's application and ordered him removed to Tanzania. The BIA agreed with the IJ's conclusions concerning Masesa's removability and ineligibility for asylum and withholding of removal. Regarding the CAT claim, the BIA found no reason to disturb the IJ's conclusion that Masesa had not shown that he more likely than not would be tortured at the instigation or with the acquiescence of a public official acting in his or her official capacity if he returned to Tanzania. The BIA dismissed Masesa's appeal. This petition for review followed.

As the respondent argues in its brief, we generally lack jurisdiction to review a final order of removal against a criminal alien, like Masesa, who is removable for having committed an offense covered in 8 U.S.C. § 1182(a)(2). See 8 U.S.C. § 1252(a)(2)(C). Masesa does not dispute the bases for his removability, and thus the jurisdiction-stripping

---

religion, nationality, or imputed political opinion.

language of section 1252(a)(2)(C) applies here. However, we may review "constitutional claims or questions of law" raised in a petition for review. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Thus, before addressing the merits of the petition for review, we must determine whether any of Masesa's arguments raises a constitutional or legal question, as distinguished from factual questions over which we lack jurisdiction. See Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006). Both factual and legal elements may be implicated in the denial of CAT relief. For example, the issue of what is likely to happen to Masesa if he is removed is a factual question. Whether what is likely to happen constitutes torture as defined under the law is a legal question. See Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010).

Masesa argues that the BIA overlooked the facts concerning the attack and his resulting injuries and hospitalization. The respondent acknowledges in its brief that Masesa has presented a legal question concerning whether the BIA sufficiently considered all relevant evidence of torture under 8 C.F.R. § 1208.16(c)(3). It is evident from the agency's decisions that both the IJ and the BIA considered the facts of the attack. In particular, the BIA noted Masesa's having been beaten and stabbed by gang members in August 2000 and the more recent threats conveyed to his family about him in March 2009, as well as Masesa's belief that he was targeted because he had assisted in the prosecution of one of the gang members. It does not appear that the agency overlooked or ignored evidence identified by Masesa, or any other relevant evidence of

5

torture to be considered under § 1208.16(c)(3). We discern no legal error.

The remaining arguments in Masesa's brief address his eligibility for deferral of removal under the CAT. Among other things, he states that the police force in Tanzania is ineffective and tainted with corruption, and that it did not bother investigating the August 2000 incident. He asserts that the police would be unable to protect him from gang members who receive secret information from corrupt officers, and that the attack on him provides evidence of the ongoing threat to his life by vengeful criminals. In essence, Masesa argues that he is eligible for CAT relief in light of the evidence showing that he would be attacked again if he were to return to Tanzania. That is, his argument concerns the issue of what is likely to happen if he is removed from the United States to Tanzania. As stated above, this is a factual issue. Masesa's dispute with the IJ's factual findings--that the Tanzanian police do not act in collusion with the criminals who attacked Masesa and are not willfully blind to the criminals' activity--is beyond our jurisdiction to review.

We will deny the petition for review