

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# Castel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Castel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3868

REGINALD CASTEL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29-630-580
(U.S. Immigration Judge: Honorable Walter A. Durling)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 29, 2008

Before:  SCIRICA, *Chief Judge*,
RENDELL, *Circuit Judge*, and THOMPSON, *District Judge**

(Filed : October 7, 2008)

OPINION OF THE COURT

---

*The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

SCIRICA, *Chief Judge*.

Reginald Castel, a native and citizen of Haiti admitted to the United States as a lawful permanent resident, petitions for review of the Board of Immigration Appeals' ("BIA") order of removal from the United States. For the reasons set forth, we will affirm.

I.

Castel entered the United States on or about September 24, 1982, and adjusted his status to that of a lawful permanent resident on August 1, 1989. On July 22, 1999, he pleaded guilty to first degree assault and was sentenced to eight years in prison. Upon completion of his sentence, the Department of Homeland Security initiated removal proceedings in Immigration Court on August 22, 2005. Castel was charged with being an alien removable for committing an aggravated felony, INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

Castel sought withholding of removal under the Convention Against Torture ("CAT"). Castel, whose family resides in the United States, suffers from acute diabetes and requires twice-daily injections of medication to maintain his health. Upon removal to Haiti, he would likely be imprisoned because of his conviction. The Immigration Judge ("IJ") found Castel would "likely die of his disease" because of "lack of adequate medication . . . [and] inhumane prison conditions." (A14). The IJ found Castel met his burden under the CAT to show he will more likely than not be subjected to torture and

2

ordered Castel's removal deferred. The Department of Homeland Security ("DHS") appealed the IJ's order.

The BIA found Castel did not satisfy his burden, rejecting the IJ's reliance on expert testimony from another case and finding the record did not support Castel's claim that his medication would be confiscated. The BIA was "not convinced that the possibility that the respondent may suffer under these prison conditions is sufficient to substantiate a finding that the Haitian government acquiesces in the 'torture' of criminal deportees who are detained." The BIA vacated the IJ's decision granting deferral of removal, and Castel filed a timely petition for review.

## II.

Castel asserts error, contending he adequately proved he would be tortured if he were removed to Haiti. He argues that he will be deprived of essential medicine and food, leading to pain and suffering that qualifies as torture. "[T]he CAT requires a showing of specific intent before the court can make a finding that a petitioner will be tortured." *Pierre v. Gonzalez*, 528 F.3d 180, 189 (3d Cir. 2008) (en banc). In *Pierre*, we held*:*

> The lack of medical care and likely pain that Pierre will experience is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons, which exist because of Haiti's extreme poverty. We find that this unintended consequence is not the type of proscribed purpose contemplated by the CAT.

*Pierre*, 528 F.3d at 189.  As in *Pierre*, Castel did not demonstrate Haitian authorities specifically intended to inflict pain or suffering for any purpose prohibited by the CAT. Despite Castel's medical condition and the harsh prison conditions he will likely experience in Haiti, even if Castel could demonstrate "knowledge that pain and suffering will be the certain outcome of conduct," *id*., this is not enough to show specific intent. *See Pierre v. Gonzales*, 502 F.3d 109, 121–22 (2d Cir. 2007) (specific intent not met where petitioner, a diabetic, presented evidence of Haiti's harsh prison conditions and the likelihood he would die without medication and a proper diet).  Therefore, Castel has not satisfied his burden under the CAT and is not eligible for withholding of removal.

III.

Accordingly, we will affirm the BIA's order vacating the IJ's decision.