**IMG-135**                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2437
_____

REGINALD MATHEIW CASTEL,
                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029 630 580)
Immigration Judge Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2011

Before:  SCIRICA, FISHER and ALDISERT, <u>Circuit</u> <u>Judges</u>.

(Filed: May 12, 2011 )
_____

OPINION
_____

PER CURIAM

Reginald Castel petitions for review of an order of the Board of Immigration

Appeals ("BIA") which denied his motion to reopen his removal proceedings.  We will

deny the petition for review.

## I.

Castel is a citizen of Haiti. As a child, he was admitted to the United States in 1982 and adjusted his status to that of a Lawful Permanent Resident in 1989. In 1999, Castel pleaded guilty in New York state court to first degree assault, for which he was sentenced to eight years in prison. In August 2005, the government charged Castel with being removable for having been convicted of an aggravated felony. He sought deferral of removal to Haiti under the Convention Against Torture ("CAT"). Castel claimed that he would be detained in prison upon removal to Haiti as a criminal deportee, that he suffers from acute diabetes requiring twice-daily insulin injections to prevent life-threatening medical conditions, and, in light of the abysmal prison conditions in Haiti and his lack of family ties to assist him with obtaining his medication, he would suffer greatly while in prison. The Immigration Judge ("IJ") granted relief, finding that Castel met his burden to establish that he would more likely than not suffer intentional severe pain or suffering and would likely die if removed. The BIA sustained the Government's appeal, vacated the IJ's order granting deferral of removal, and ordered Castel removed to Haiti. The BIA noted that the IJ cited to evidence received in another case and to non-precedential BIA decisions, and stated that the possibility of suffering under poor prison conditions did not substantiate a finding that the Haitian government acquiesces in torture of criminal deportees in detention. The BIA also cited to this Court's decision in Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005), in concluding generally that Castel did not present any evidence that he will more likely than not be subject to torture. This Court denied

2

Castel's petition for review.  See Castel v. Att'y Gen., C.A. No. 06-3868 (decision entered Oct. 7, 2008).  This Court denied Castel's motions to remand and for panel rehearing, and the United States Supreme Court denied his petition for writ of certiorari on October 13, 2009.

On October 28, 2009, Castel filed a motion to reopen with the BIA, arguing that exceptional circumstances warranted reopening.  He included documentation in response to his Freedom of Information Act request about Haiti's detention of criminal deportees, a new declaration from the executive of a nonprofit that aids criminal deportees in Haiti, updated medical records, and other evidence that had previously been submitted.  He also argued that a change in the law warranted reopening, citing this Court's decision in Pierre v. Attorney General, 528 F.3d 180 (3d Cir. 2008) (en banc), which this Court had cited in denying his earlier petition.  Castel argued that Pierre increased the burden for an alien applying for CAT relief, and that because he had not had the opportunity to try to meet that new burden, it would violate his due process rights if the BIA did not reopen.  The BIA denied the motion, agreeing with the Government that Castel had not submitted any new or material evidence that would warrant a remand, and found that Castel could not distinguish his case from others where courts found that aliens with medical conditions had not shown they were eligible for CAT relief.  The BIA also declined to reopen sua sponte on the basis of the change in case law, noting that it did not appear that a remand would change the result in Castel's case.  Castel filed a timely, counseled petition for review.

3

## II.

Because Castel was convicted of an aggravated felony, this Court's jurisdiction is limited to review of constitutional claims and questions of law. Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); 8 U.S.C. § 1252(a)(2)(D). The BIA here denied Castel's motion to reopen because he failed to produce "new or material evidence which would warrant a remand of his record." A.R. 4. These determinations are questions of fact that we lack jurisdiction to consider. Viracacha v. Mukasey, 518 F.3d511, 515 (7th Cir. 2008). Likewise, to the extent the BIA reached the issue of whether country conditions had changed in Haiti, such is a factual determination we are barred from reviewing pursuant to 8 U.S.C. § 1252 (a)(2)(C). Cf. Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (BIA's determination that petitioners had not demonstrated extraordinary or changed circumstances to meet exception to asylum timeliness requirements was not a question of law within meaning of § 1252(a)(2)(D)).

Although Castel's motion to reopen was untimely, and although the BIA determined that Castel failed to produce new and material evidence to circumvent the timeliness requirements, the BIA retained the discretion to reopen Castel's proceedings "sua sponte." 8 C.F.R. § 1003.2(a). "[W]e lack jurisdiction to review a decision on whether and how [the BIA] exercise[d] that discretion." Pllumi v. Att'y Gen., No. 09-4454, --- F.3d ---, 2011 WL 1278741, *2 (3d Cir. April 6, 2011). However, "we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." Id. at *3. Here, the BIA decided not to reopen sua sponte based

4

on two factors: (1) the "intervening case law" did not "represent an exceptional situation, especially since [Castel's] evidence does not indicate that a remand would change the result of his case"; and (2) there was "no evidence that the respondent's proceedings were fundamentally unfair." A.R. 5. Turning to the first factor, one could read Castel's brief as arguing, in essence, that the BIA did not understand that Pierre fundamentally changed the law and that, based on that misunderstanding of the law, it therefore failed to recognize that exceptional circumstances warranted sua sponte reopening. We have jurisdiction to consider this argument, but, for the following reasons, we disagree with Castel's conclusions.

In Auguste, this Court denied relief to a Haitian alien who claimed that his indefinite detention in a Haitian prison with deplorable conditions would constitute torture. 395 F.3d at 153-55. We held that the alien in that case had not established that Haitian authorities had a specific intent to torture detainees. Id. We did not adopt "a per se rule that brutal and deplorable prison conditions can never constitute torture," but held open the possibility that a claim could succeed if there was evidence that authorities were placing an individual in brutal prison conditions with the intent to inflict severe pain and suffering on that individual. Id. at 154. Pierre did not overrule Auguste; in fact, it reinforced the proposition that the CAT requires a petitioner to establish specific intent; i.e., that his torturer has the motive or purpose of causing him pain or suffering. Pierre, 528 F.3d at 189, citing Auguste, 395 F.3d at 145-46. Thus, Pierre did not "establish" the specific intent standard. Rather, Pierre overruled Lavira v. Attorney General, 478 F.3d

5

158, 171 (3d Cir. 2007), to the extent that it held that specific intent could be based on deliberate ignorance or willful blindness, and clarified that "[m]ere knowledge that a result is substantially certain to follow from one's actions is not sufficient to form the specific intent to torture." Id.

The hearings in Castel's immigration proceedings and the BIA's initial decision in his case both occurred after we decided Auguste (decided Jan. 20, 2005) and before Lavira, (Feb. 26, 2007). Thus, Castel was on notice throughout his proceedings that in order to succeed he was required to show that Haitian authorities would act with specific intent in torturing him. We disagree with Castel that Pierre fundamentally changed the law that was to be applied in his proceedings, and we therefore do not find that the BIA's decision to deny reopening was based on a legal error.

Castel's arguments regarding the fairness of his immigration proceedings appear to be "naked factual challenges . . . clothed . . . in the garb of due process," rather than a true constitutional argument. See Jarbough, 483 F.3d at 190. We lack jurisdiction to consider this argument. Castel also argues that his removal will be unfair unless this Court takes notice of the conditions in Haiti following the January 2010 earthquake. However, as Castel acknowledges, this Court's review is limited to the administrative record as it stands. 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, we will deny the petition for review.