NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2533
_____

OLUDOLA AKINMOLA JOHNSON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-179-226)
Immigration Judge: Honorable Jesus Clemente
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2012

Before: RENDELL, FUENTES, and HARDIMAN, *Circuit Judges*

(Opinion Filed: July 17, 2012)

FUENTES, *Circuit Judge*.

We are asked to determine whether the Board of Immigration Appeals (the

"Board") erred in denying Petitioner Oludola Akinmola Johnson's motion to vacate an

Immigration Judge's decision that found Johnson removable as an alien convicted of an

aggravated felony. Johnson petitions this Court for review, arguing that the Immigration

1

Judge's failure to advise him of the opportunity to examine and object to evidence, to present evidence on his own behalf, and to cross-examine witnesses presented by the Government, as required by 8 C.F.R. § 1240.10(a)(4), violated his due process rights and entitles him to a new removal hearing. We conclude that it does, and we will vacate the Board's order and remand for a new removal hearing before an Immigration Judge.

## I.

Because we write primarily for the parties, we set forth only the facts and history relevant to our conclusion.

Oludola Akinmola Johnson is a native and citizen of Nigeria. In approximately 1989, he arrived in the United States. He applied for asylum in 1992. However, before the adjudication of his asylum application, Johnson adjusted his status to lawful permanent resident.

In January 2010, Johnson pleaded guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. 1028(a)(1); he was sentenced to an aggregate term of fifty-one months' imprisonment. While Johnson was serving his sentence, the Department of Homeland Security charged Johnson with removability, under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.

Johnson appeared *pro se* at his removal hearing before the Immigration Judge. At the hearing, the Judge did not inform Johnson of his right to examine and object to the

evidence against him and to present evidence on his own behalf. The Immigration Judge found that Johnson had committed an aggravated felony and ordered Johnson removed.

Johnson, with the assistance of counsel, appealed the Immigration Judge's decision to the Board. Johnson also filed a motion to remand with the Board, arguing that the Immigration Judge failed to advise Johnson of his evidentiary rights, as required by 8 C.F.R § 1240.10(a)(4), and that the Immigration Judge also failed to advise Johnson of his apparent eligibility for relief under the Convention Against Torture, as required by 8 C.F.R. § 1240.11(a)(2). Johnson submitted evidence to the Board that he believed supported his eligibility for relief. However, the Board determined that Johnson's evidence failed to make the necessary showing for withholding of removal or Convention Against Torture protection. Therefore, the Immigration Judge's error had no impact on Johnson's eligibility for relief programs. Consequently, the Board denied Johnson's appeal and his motion to remand.

Johnson timely filed a petition for review and a motion to stay his removal in this Court. On July 25, 2011, this Court granted Johnson's motion to stay his removal.

## II.

We have jurisdiction to review the Board's dismissal of Johnson's appeal and denial of his motion to remand. This Court has jurisdiction to review "constitutional claims or questions of law" relating to the Board's final removal orders of aggravated felons. 8 U.S.C. § 1252(a)(2)(D); *see Cabrera-Perez v. Att'y Gen.*, 456 F.3d 109, 114

3

(3d Cir. 2006) (per curiam); *Papageorgiou v. Att'y Gen.*, 413 F.3d 356, 358 (3d Cir. 2005).  We review *de novo* the Board's determination of an underlying due process claim. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007).

The record reflects, and the Government does not dispute, that the Immigration Judge failed to apprise Johnson of his rights to object to the evidence against him and to present evidence on his behalf, as required by 8 C.F.R. § 1240.10(a)(4).

The Government argues that the Immigration Judge's error was harmless because Johnson would have been unable demonstrate his eligibility for Convention Against Torture protection had the Immigration Judge advised Johnson of his evidentiary rights. Generally, an alien must show substantial prejudice to prevail on a procedural due process claim when the Immigration Judge violates a regulation.  *See Bonhometre v. Att'y Gen.*, 414 F.3d 442, 448 (3d Cir. 2005).  Since Johnson did not suffer substantial prejudice, the Government argues, his due process claim fails.  *See Denis v. Att'y Gen.*, 633 F.3d 201, 219 (3d Cir. 2011) (requiring alien to prove that the result would have been different to succeed on due process claim based on ineffective assistance of counsel); *Bonhometre*, 414 F.3d at 448.

However, as Johnson argues and we agree, under *Leslie v. Attorney General*, 611 F.3d 171, 180 (3d Cir. 2010), Johnson is entitled to a new hearing regardless of substantial prejudice because the Immigration Judge failed to comply with a regulation promulgated to protect fundamental statutory and constitutional rights.  "[W]hen an agency promulgates a regulation protecting fundamental statutory or constitutional rights

4

of parties appearing before it, the agency must comply with that regulation. Failure to comply will merit invalidation of the challenged action without regard to whether the alleged violation has substantially prejudiced the complaining party." *Id.* In other words, substantial prejudice is irrelevant when the violated regulation protects fundamental statutory or constitutional rights.

The right to present evidence and cross-examine the Government's witnesses is a fundamental statutory right. Congress has directed the Attorney General to adopt regulations ensuring an "alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government." 8 U.S.C. § 1229a(b)(4)(B). It is clear that regulation 8 C.F.R. § 1240.10(a)(4) protects an alien's statutory evidentiary rights created under 8 U.S.C. § 1229a(b)(4)(B).

Further, the Due Process Clause of the Fifth Amendment requires that aliens threatened with removal are provided a full and fair hearing with a reasonable opportunity to be heard and to present evidence on their behalf. *Abdulrahman v. Att'y Gen.*, 330 F.3d 587, 596 (3d Cir. 2003); *see Att'y Gen. v. Flores*, 507 U.S. 292, 306 (1993); *Abdulai v. Att'y Gen.*, 239 F.3d 542, 549 (3d Cir. 2001). Therefore, 8 C.F.R. §1240.10(a)(4), requiring the Immigration Judge to advise aliens subject to removal of their evidentiary rights, is also designed to address fundamental constitutional rights.

The Immigration Judge was required to and failed to advise Johnson of his evidentiary rights. *See* 8 C.F.R. § 1240.10(a)(4). Since these evidentiary rights are both

5

fundamental statutory and constitutional rights, Johnson does not have to demonstrate substantial prejudice to be entitled to remand. *See Leslie*, 611 F.3d at 180.

## III.

For the foregoing reasons, we will grant the petition for review, vacate the Board's order, and remand for further proceedings consistent with this opinion.