**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4185
_____

PHILIP ABU KIAWU,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A059-011-182)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before: FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Philip Kiawu petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss the petition in part and deny it in part.

Kiawu is a native and citizen of Liberia who was admitted to the United States as a lawful permanent resident in November 2007. On July 30, 2013, Kiawu was convicted in the United States District Court for the District of Maryland of possession with intent to distribute a mixture containing heroin in violation of 21 U.S.C. § 841. He was sentenced to a thirty-month term of imprisonment. In light of that conviction, the Department of Homeland Security charged Kiawu as being removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), and as an alien convicted of a controlled substance violation under § 1227(a)(2)(B)(i). Kiawu admitted to the factual allegations contained in the Notice To Appear as well as to his conviction. The Immigration Judge ("IJ") concluded that his conviction is a drug trafficking felony under the Controlled Substances Act ("CSA"), and thus found him removable under both charges. Given his aggravated felony status, the IJ further concluded that Kiawu was ineligible for any form of discretionary relief. With respect to cancellation and withholding of removal and protection under the Convention Against Torture, the IJ determined that the widespread danger facing Liberian citizens and the resulting "strife and anarchy" do not constitute persecution. Accordingly, the IJ found that Kiawu did not have a claim for any other form of relief.

Kiawu appealed the IJ's decision to the BIA. In September 2014, the BIA dismissed the appeal. The BIA agreed that Kiawu's conviction is an aggravated felony

drug trafficking crime as defined by 8 U.S.C. § 1101(a)(43)(B), which renders him removable and ineligible for discretionary relief. The BIA further agreed that Kiawu failed to present a sufficient claim for withholding of removal by merely expressing a fear of general violence in his home country, and that he failed to establish that it was more likely than not that he would be tortured upon his return to Liberia. The BIA rejected Kiawu's claim that he was eligible for deferred enforcement departure for certain Liberian nationals after finding that his aggravated felony conviction precludes such deferred enforcement. This petition for review followed. The Government opposes Kiawu's petition on jurisdictional grounds.

In his Informal Brief, Kiawu sets forth the following three arguments: 1) his conviction does not constitute an aggravated felony as defined by § 1101(a)(43)(B); 2) he is entitled to relief insofar as the IJ erred in failing to consider that his family member got killed at the hands of some unknown gunman under the pretext of an armed robbery because she was an affiliate of the past government; and 3) the BIA erred in failing to consider his claim that he was eligible for deferred enforcement departure. See Informal Br. at 4-5. Because Kiawu was convicted of an aggravated felony, our jurisdiction is limited to review of constitutional claims and questions of law. Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); 8 U.S.C. § 1252(a)(2)(D).

The Government argues that Kiawu's petition for review should be dismissed because it fails to raise a *colorable* question of law or constitutional claim. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). "To determine whether a claim is

3

colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)). While we agree with the Government that we lack jurisdiction to review some of Kiawu's claims on this basis, we conclude that he has raised one claim over which we have jurisdiction.[1]

The Government's assertion with respect to the second and third issues that Kiawu raises is correct. An argument that the agency failed to consider evidence is not a question of law under § 1252(a)(2)(D). See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (noting that "courts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, *failed to consider evidence* or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)") (emphasis added). To the extent Kiawu argues that the agency erred in failing to conclude that he met his burden of demonstrating that he will likely be harmed if removed to Liberia, see Informal Br. at 4, he presents a factual issue which we have no jurisdiction to consider. See Kaplun v. Att'y Gen., 602 F.3d 260, 269 (3d Cir. 2010). The Government is likewise correct in its contention that Kiawu raises no constitutional claim or question of law regarding the BIA's disposition of his eligibility for deferred enforcement departure. Kiawu is simply mistaken in his belief that the BIA failed to consider this claim. The BIA specifically denied his claim for deferred enforcement, finding him ineligible on the basis of his aggravated felony conviction. See Certified

---

[1] We will thus grant the Government's motion to dismiss, but only in part.

4

Admin. R. at 3 n.2.

However, as the Government concedes, <u>see</u> Br. of Resp't at 14, this Court has jurisdiction to review whether an alien's conviction qualifies as an aggravated felony, and such questions generally are questions of law. <u>See</u> <u>Singh v. Att'y Gen.</u>, 677 F.3d 503, 508 (3d Cir. 2012). Kiawu reiterates the argument he presented to the BIA in support of his claim that the agency erred in deeming his federal conviction to be an aggravated felony. Given Kiawu's pro se status, it cannot be said that this argument was made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. <u>See</u> <u>Pareja</u>, 615 F.3d at 186. As we have stated, "[t]he question of our jurisdiction over a colorable legal claim does not turn on whether that claim is ultimately meritorious." <u>Id.</u> at 187.

We nonetheless agree with the BIA that Kiawu's conviction under § 841(a)(1), for possession with intent to distribute a mixture containing heroin, is an aggravated felony. A conviction qualifies as an aggravated felony if it is for a crime that is punishable under the CSA, <u>see</u> § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2), and for which more than one year of imprisonment may be imposed. <u>See</u> <u>Lopez v. Gonzales</u>, 549 U.S. 47, 56 n.7 (2006). Kiawu's conviction clearly meets these requirements as § 841 is part of the CSA, and § 841(b)(1)(C) prescribes a maximum penalty of 20 years of imprisonment. Additionally, contrary to Kiawu's contention, his conviction is a "drug trafficking crime" by definition under § 924(c)(2).

In light of the above, we will grant the Government's motion to the extent noted.

5

We will dismiss Kiawu's petition for review in part and deny it in part.